Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Christopher T. Pasich, Bar No. 299191
chris@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Plaintiff Cadence Design Systems, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., *a Delaware Corporation*,<br><br>Plaintiff,<br><br>v.<br><br>POUNCE CONSULTING, INC., *a California Corporation*.<br><br>Defendants. | Case No. 17-4732<br><br>**COMPLAINT FOR INJUNCIVE RELIEF AND DAMAGES FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br>**2. CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS;**<br>**3. BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint, Plaintiff Cadence Design Systems, Inc. ("Cadence") alleges against Defendant Pounce Consulting, Inc. ("Pounce") as follows:

1. This is an action for copyright infringement, circumvention of copyright protection systems, and breach of contract.

## PARTIES

2. Plaintiff Cadence is a Delaware corporation with its principal place of business at 2655 Seely Avenue, San Jose, California 95134.

3. Defendant Pounce is a California corporation with its principal place of business at 7960 Silverton Avenue, Suite 113, San Diego, California 92126. On information and belief, Pounce has a second office in California in Anaheim, California. According to its website, www.pounceconsulting.com, Pounce has its Global Delivery Center and Manufacturing Site in Guadalajara, Mexico.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, *et seq.* (copyright infringement), 17 U.S.C. §1201, *et seq.* (circumvention of copyright protection systems under the Digital Millennium Copyright Act), and 28 U.S.C. §§ 1331 (federal questions jurisdiction) and 1338(a). The Court has supplemental jurisdiction over Count III below, pursuant to 28 U.S.C. §1367(a).

5. This Court has personal jurisdiction over Pounce in that, among other things, Pounce has offices and does business in the State of California. On information and belief, Pounce does business in this District, and its website lists multiple clients with US headquarters in this District, including HP, Symantec, and Flextronics. On information and belief, Pounce's principal place of business is in San Diego, California, located at 7960 Silverton Avenue, Suite 113, San Diego, California 92126. On information and belief, Pounce has a second office in Anaheim, California, located at 300 South Harbor Blvd Ste. 800, Anaheim, CA 92805.

6. In addition, Pounce has purposefully availed itself of the rights and privileges of doing business in this State and this District, in that Pounce regularly conducts business in this District and has many clients headquartered in this District. Pounce has also purposefully directed its activities towards this forum and this District in that it has intentionally and repeatedly copied, downloaded, and otherwise used "cracked" (*i.e.*, counterfeited) and unauthorized versions of Cadence software and tools, and knows that the resulting harm is likely to be suffered by Cadence in the Northern District of California. Pounce has also intentionally and repeatedly copied, downloaded, and/or used "cracked" and unauthorized versions of Cadence software and tools at Internet Protocol Addresses ("IP Addresses") located in this District. Pounce has also repeatedly bypassed technological measures in this District designed to prevent unlicensed use of the Cadence Software. Additionally, the asserted claims arise out of and relate to Pounce's activities of copying, downloading, and using "cracked" and unauthorized versions of Cadence software and tools in this forum.

## VENUE

7. Venue is proper in this District pursuant to the terms of the Software License and Maintenance Agreement. Venue is also proper in this District pursuant to 28 U.S.C. § 1400(a) because Pounce may be found in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d) because Pounce is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

8. This is an intellectual property action subject to district-wide assignment pursuant to Civil Local Rule 3-2(c). This action arises in Santa Clara County because a substantial part of the events or omissions giving rise to the claim occurred in San Jose, CA. Assignment to the San Jose division is also appropriate because the Cadence headquarters are located in Santa Clara County.

3
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# GENERAL ALLEGATIONS

9. Cadence is a worldwide leader in Electronic Design Automation (EDA) software and engineering services, as well as semiconductor intellectual property. Cadence's custom and analog tools help engineers design the transistors, standard cells, and IP blocks that make up systems on chips. Cadence's offerings allow engineers to design integrated circuits and printed circuit boards, and test and simulate their designs to verify the builds of their circuits.

10. Cadence's design platforms include Allegro®, OrCAD®, PSpice®, and other related software and tools (collectively, the "Cadence Software"). The Cadence Software provides engineers with the ability to design, test, and simulate printed circuit boards customized for their specific needs. Since its founding, Cadence has expended considerable resources further developing and refining this technology to remain at the forefront of the EDA industry.

11. Cadence licenses these products throughout the United States, Europe, Asia, and other parts of the world.

12. Cadence owns a valid Copyright Work, entitled Allegro 16.5, which was duly registered with the United States United States Copyright Office as Copyright Registration No. TX 7-751-386 (the "'386 Registration"). A true and correct copy of the '840 Registration is attached hereto as Exhibit A.

13. Cadence owns a valid Copyright Work, entitled Allegro PCB 16.6, which was duly registered with the United States United States Copyright Office as Copyright Registration No. TX 8-323-840 (the "'840 Registration"). A true and correct copy of the '840 Registration is attached hereto as Exhibit B

14. Cadence owns a valid Copyright Work, entitled PSPICE 16.5, which was duly registered with the United States United States Copyright Office as Copyright Registration No. TX 8-320-014 (the "'014 Registration"). A true and correct copy of the '014 Registration is attached hereto as Exhibit C.

15. Cadence owns a valid Copyright Work, entitled PSPICE 16.6, which was duly registered with the United States United States Copyright Office as Copyright Registration No. TX 8-320-008 (the "'008 Registration"). A true and correct copy of the '008 Registration is attached hereto as Exhibit D.

16. Cadence owns a valid Copyright Work, entitled OrCAD16.5, which was duly registered with the United States United States Copyright Office as Copyright Registration No. TX 8-320-016 (the "'016 Registration"). A true and correct copy of the '016 Registration is attached hereto as Exhibit E.

17. Cadence owns a valid Copyright Work, entitled OrCAD16.6, which was duly registered with the United States United States Copyright Office as Copyright Registration No. TX 8-320-041 (the "'041 Registration"). A true and correct copy of the '041 Registration is attached hereto as Exhibit F.

18. On information and belief, Pounce is in the business of providing custom solutions in embedded design, electronics manufacturing, IT and staffing services. On information and belief, Pounce focuses on providing custom solutions in embedded design, electronics manufacturing, IT, and staffing services. For example, according to its own marketing materials, Pounce provides services including firmware, certification, software, and electronic design. Pounce also specifically provides services relating to Cadence's copyrighted and proprietary software.

**CADENCE'S LICENSE AGREEMENT AND LICENSE FILES**

19. In order to protect its software and intellectual property against any unauthorized use, Cadence has made significant investments in technology designed to prevent unauthorized access or use.

20. Cadence typically licenses its proprietary software. The license is issued as a Floating/Concurrent license, whereby the customer purchases a set number of floating seats, which may be occupied by any licensed users as long as the number of concurrent users does not exceed the set number. When a customer purchases a

5
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

license to the Cadence Software, the customer receives an invoice indicating the type of license that was purchased, as well as a license file.

21. The Cadence Software will not operate unless a user first installs the Cadence License Manager. When using the Cadence Software on a single computer, the user must install the License Manager directly on that computer. If the user intends to use a network license, the user must install the License Manager on a server accessible over the network.

22. The Cadence License Manager cannot be installed unless a user first executes an agreement with Cadence. Specifically, when installing the License Manager, a user is prompted to accept the terms of the Cadence Design Systems, Inc. Software License and Maintenance Agreement (the "License Agreement"). A true and correct copy of the license agreement is attached hereto as Exhibit G.

23. The License Agreement states in part:

> THIS SOFTWARE LICENSE AND MAINTENANCE AGREEMENT ("AGREEMENT") IS A LEGAL DOCUMENT BETWEEN YOU AND CADENCE DESIGN SYSTEMS, INC. ("CADENCE"). PLEASE READ THIS AGREEMENT CAREFULLY BEFORE INSTALLING YOUR CADENCE SOFTWARE ("SOFTWARE"). BY USING THE SOFTWARE, YOU (EITHER AN INDIVIDUAL OR A BUSINESS ENTITY) AGREE TO BE BOUND BY THE TERMS OF THIS AGREEMENT. IF YOU DO NOT WANT TO BE BOUND BY THE TERMS OF THIS AGREEMENT, CADENCE IS UNWILLING TO LICENSE THE SOFTWARE TO YOU, IN WHICH EVENT YOU MUST PROMPTLY RETURN THE SOFTWARE AND ALL ACCOMPANYING ITEMS (INCLUDING MANUALS, BINDERS OR OTHER CONTAINERS, AND ANY OTHER PRINTED MATERIALS) WITHIN 30 DAYS. BY CLICKING YES DURING THE INSTALLATION AND BY USING THE SOFTWARE . . . YOU ACKNOWLEDGE THAT YOU HAVE READ THE AGREEMENT AND ACCEPT ITS TERMS.

24.     When attempting to install the License Manager, a user must select "I accept the terms of the license agreement" in order to proceed with installation. If the user does not select the "I accept" option, or if the user selects "I do not accept the terms of the license agreement," the user cannot proceed with installation of the License Manager.

25.     After the License Manager is been installed, the program prompts the user to specify the location of a Cadence license file. Alternatively, the user may later configure the appropriate licensing for the Cadence Software by using a License Server Configuration Utility packaged with the Cadence Software.

26.     After the user installs the License Manager, the user may then install the Cadence Software on the client desktops or laptops connected to the License Server. The Cadence Software will not operate on those client machines unless the user provides a valid license file issued by Cadence. The license file indicates to the License Manager and the Cadence servers how many licenses are available for use at the client machines, and which Cadence Software and additional functionality the user is permitted to use.

27.     When the user installs the Cadence Software, the user must again accept the terms of the License Agreement by selecting the "I accept" option. As before, if the user does not select the "I accept" option, or if the user selects "I do not accept the terms of the license agreement," the user cannot proceed with installation of the Cadence Software.

28.     To protect its software and intellectual property against any unauthorized use, Cadence also has made significant investments in technological measures designed to track unauthorized use.

29.     These measures transmit data to Cadence whenever they detect unauthorized alterations or uses of the product, such as when a user bypasses a technological measure by using counterfeit license files or when a user alters the Cadence Software by circumventing the license mechanism.

30. The Cadence Software also includes other technological measures to verify that the Cadence Software is used according to an appropriate license.

**POUNCE'S INFRINGEMENT AND UNAUTHORIZED ACCESS**

31. Pounce designs, develops, produces, distributes, and installs a broad range of solutions and services, from embedded design to electronics manufacturing to IT and staffing services.

32. Pounce has repeatedly obtained, copied and used the Cadence Software without authorization from Cadence.

33. Among other things, Pounce offers services using and requiring Cadence Software.

34. For example, Pounce promotes its versatility with Cadence Software such as Allegro®, and advertises that its services include the tools of the Cadence Software.

35. Similarly, when advertising for employees, Pounce indicates that knowledge and/or versatility with the Cadence Software is a required and/or desired skill for applying candidates.

36. For example, attached hereto as Exhibit H is a true and correct print-out of a Pounce job listing for a Senior Hardware Engineer from the website www.indeed.com.mx. The job listing, which was printed out on July 13, 2017, indicated that it was posted within the past 14 days. The job listing in Exhibit I was posted by Pounce in or around June or July 2017. The job listing is in Spanish and includes the heading "Conocimientos requeridos," which translates into English as "Required knowledge." Under this heading, the Pounce job listing includes, "Manejo de . . . Cadence Design Suite (incluyendo OrCAD PCB Editor, OrCAD Capture CSI, OrCAD Pad Designer)," which translates into English as "Handling . . . Cadence Design Suite (including OrCAD PCB Editor, OrCAD Capture CSI, OrCAD Pad Designer)."

37. Pounce does not have a valid license to use the Cadence Software.

8
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

38. Pounce has unlawfully copied, reproduced, and used the Cadence Software without a valid license file and without authorization from Cadence.

39. On information and belief, by installing and using the Cadence License and the Cadence Software, Pounce accepted the terms of the License Agreement and agreed to be bound by the terms of the License Agreement.

40. On information and belief, after installing the Cadence Software, Pounce uses "cracked" license files to access and use the Cadence Software.

41. Under the License Agreement, Pounce agreed "to take all reasonable steps and to exercise due diligence to protect the Product from unauthorized reproduction, publication, or distribution." Pounce further agreed that it would "have a reasonable mechanism in place to ensure that the Software may not be used or copied by unlicensed persons."

42. Under the terms of the License Agreement, a license to use the Cadence Software is only available "as indicated on the invoice."

43. Pounce does not have any invoices and, therefore, Pounce does not have a valid license to use the Cadence Software.

44. Pounce has never purchased any valid Licenses to the Cadence Software either directly from Cadences or from its authorized distributors.

45. On information and belief, Pounce has also altered and/or "cracked," and/or used altered and/or "cracked" versions of the Cadence License Manager and/or Cadence Software that circumvent technological measures.

46. On information and belief, Pounce has also tampered with files during installation of the Cadence License Manager and/or Cadence Software and otherwise used altered data files for installing the Cadence License Manager and/or Cadence Software, including using "cracked" versions of the license and/or using counterfeit license files.

47. By obtaining, copying, installing, and/or using "cracked" versions of the Cadence License Manager and/or Cadence Software and/or "cracked" licenses,

Pounce circumvents technological measures that control access to a copyrighted work protected under the Copyright Act.

48. Pounce also conspires with others to use and obtain unauthorized software license files from a source other than Cadence and/or to circumvent Cadence's technological measures.

49. Rather than purchasing Cadence Software from Cadence or an authorized distributor, Pounce knowingly obtains, downloads, copies, installs and/or otherwise uses unauthorized versions of the Cadence License Manager and/or Cadence Software, including using websites and internet service providers known to traffic in illegal content.

50. By installing the Cadence Software using the counterfeit license files and subsequently using the Cadence software without authorization, Pounce breached the terms of the agreed upon License Agreement by allowing the Cadence Software to be used or copied by unlicensed persons, and by failing to take reasonable steps and exercise due diligence to protect the Cadence Software from unauthorized reproduction, publication, or distribution.

51. Further, each copy of the Cadence Software includes additional Product Options, which are available at additional cost for higher levels of design functionality. These options are locked unless they are purchased by the customer, in which case Cadence provisions a license file that enables the user to access the corresponding portions of the license.

52. However, when the Cadence License Manager and/or Cadence Software is "cracked," or when "cracked" license files are used, the license protections for the Product Options are bypassed and all Options are unlocked, thus allowing a user to obtain any Product Options it desires without having to pay for those Options.

53. By using "cracked" versions of the Cadence License Manager and/or Cadence Software and/or "cracked" license files, Pounce circumvents additional

technological measures that prevent users from accessing additional copyrighted Product Options that would otherwise require an independent purchase to use.

54. By using the Cadence Software without authorization and by circumventing Cadence technological measures, Pounce has also violated Cadence's registered copyright and avoided paying Cadence hundreds of thousands of dollars in license fees.

55. Through the use of its technological measures, Cadence compiled a list of over 25 machines that were using Cadence Software without having a valid License issued by Cadence. These technological measures identified multiple instances where these machines installed, uninstalled, or used Cadence Software.

56. The non-proprietary characteristics and information of these machines transmitted to Cadence indicate that Pounce devices and accounts were responsible for a significant number of unauthorized modifications and uses of the Cadence Software.

57. For example, the domains "corp.pounceconsulting.com" and "pounceconsulting.com," among others, are linked to the machines bypassing technological measures in the Cadence Software.

58. Further, email addresses ending with the extension "@corp.pounceconsulting.com" and "@pounceconsulting.com," among others, are also linked to the machines bypassing technological measures in the Cadence Software.

59. The domains "corp.pounceconsulting.com" and "pounceconsulting.com" belong to and/or are otherwise associated with Defendant Pounce.

60. The IP Addresses "65.49.68.182," "65.49.68.175," "65.49.68.179," and other similar IP addresses, among others, are also linked to the machines bypassing technological measures in the Cadence Software. On information and belief, these IP Addresses are located in this District at or near Fremont, California, and they are associated with Defendant Pounce.

61. Various Pounce computers with machine names such as "pounce-pc" and "pounce-59fdb41d," among others, are also linked to the machines bypassing technological measures in the Cadence Software.

62. Pounce owns no legal copies of the Cadence Software as of the filing of this complaint.

**CADENCE INFORMS POUNCE OF ITS UNAUTHORIZED ACTIVITES**

63. On January 28, 2016, Cadence informed Pounce that it was using "cracked" versions of Cadence Software and/or "cracked" license files without Cadence's permission.

64. For months, Pounce communicated to Cadence that Pounce was willing to resolve this matter without resorting to litigation. Cadence relied on those representations and attempted to resolve this matter without resorting to litigation.

65. Despite its previous representations, however, Pounce has never paid for its past uses.

66. Pounce has also failed to respond to the most recent correspondence from Cadence.

67. Even today, on information and belief, Pounce continues to use the Cadence Software.

**COUNT I**

(Copyright Infringement under 17 U.S.C. § 501)

68. Cadence incorporates and realleges by reference paragraphs 1 through 67 above as if set forth in full herein.

69. Cadence is the owner of various valid Copyright Works, including those registered as the '386 Registration, the '840 Registration, the '014 Registration, the '008 Registration, the '016 Registration and the '041 Registration.

70. Cadence has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyrights in its Copyright Works, including as reflected in its copyright registrations attached as Exhibits A through F.

71. On multiple occasions Pounce has downloaded, modified, used, and/or otherwise copied and installed Cadence Software without permission or authorization from Cadence, including copies of Cadence's Copyright Works registered as the '386 Registration, the '840 Registration, the '014 Registration, the '008 Registration, the '016 Registration and the '041 Registration.

72. Pounce's unauthorized use and/or duplication of Cadence's copyrighted software constitutes direct and/or contributory copyright infringement under 17 U.S.C. § 501.

73. Pounce's actions in violation of the Copyright Act have been knowing and willful.

74. Pounce's conduct is causing, and is likely to continue to cause, irreparable harm to Cadence, and Pounce's unlawful conduct will continue to cause Cadence irreparable injury unless Pounce is enjoined by this Court. Cadence has no adequate remedy at law. Cadence is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

75. As a result of Pounce's wrongful actions, Cadence has suffered damages in an amount to be proven at trial, including at least hundreds of thousands of dollars in unpaid license fees. Cadence is entitled to its actual damages and Pounce's profits or, alternatively, statutory damages, as well as its costs, attorneys' fees and interest.

## **COUNT II**

(Circumvention of Copyright Protection Systems under 17 U.S.C. § 1201)

76. Cadence incorporates and realleges by reference paragraphs 1 through 75 above as if set forth in full herein.

77. The Cadence License Manager and Cadence Software employ technological mechanisms that effectively provide security controlled access to the work and copyright protections.

78. On information and belief, Pounce has modified the Cadence License Manager and/or Cadence Software, including copies of Cadence's Copyright Works

registered as the '386 Registration, the '840 Registration, the '014 Registration, the '008 Registration, the '016 Registration and the '041 Registration. Pounce made these modifications to the Cadence License Manager and/or Cadence Software in order to bypass the required entry of a license file and/or otherwise used unauthorized, "cracked" license files to circumvent the technological measures, enabling Pounce to bypass Cadence's security access mechanisms and copyright protections in the Cadence Software in violation of 17 U.S.C. § 1201(a)(1).

79. On information and belief, Pounce's actions have been and continue to be willful.

80. On information and belief, Pounce also materially contributes to the circumvention of the technological measures by obtaining, downloading, and copying unauthorized versions of the Cadence License Manager and/or Cadence Software from websites and internet service providers known to traffic in illegal content, and is therefore also contributorily liable for the circumvention of Cadence's technological measures.

81. Pounce's conduct is causing, and is likely to continue to cause, irreparable harm to Cadence, and Pounce's unlawful conduct will continue to cause Cadence irreparable injury unless Pounce is enjoined by this Court. Cadence has no adequate remedy at law. Cadence is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 1203.

82. As a result of Pounce's wrongful actions, Cadence has suffered damages in an amount to be proven at trial. Cadence is entitled to its actual damages and Pounce's profits or, alternatively, statutory damages in an amount up to $2500 per act of circumvention, device, product, component, offer, or performance of service, as well as its costs, attorneys' fees and interest.

14
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## COUNT III

### (Breach of Contract)

83. Cadence incorporates and realleges by reference paragraphs 1 through 82 above as if set forth in full herein.

84. Pounce agreed to the terms of the License Agreement by clicking "I accept the terms of the license agreement" in order to proceed with installation of the License Manager and the Cadence Software.

85. Pounced breached the License Agreement by copying, sharing, and using the Cadence Software without authorization from Cadence, by bypassing the license file entry and not using valid license files, by taking actions to circumvent the entry of license file information, by continuing to use the Cadence software for commercial purposes without any valid license, by installing the Cadence software on its computers without authorization, and by not paying a licensing fee.

86. Cadence is entitled to its damages resulting from such breaches in addition, but not limited, to the value of the unpaid license fees.

87. Cadence is also entitled to recover its attorneys' fees and costs under Section 28 of the License Agreement.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff Cadence prays that this Court provide relief by:

a. Preliminarily and permanently enjoining and restraining Pounce, its officers, directors, agents, employees, and all other individuals, firms, corporations, associations, and partnerships affiliated, associated, or acting in concert with them from using the Cadence Software or any other Cadence software to which they hold no valid license;

b. Awarding Cadence compensatory and actual damages;

c. Ordering Pounce to provide an accounting of its profits;

d. Awarding Cadence its lost profits plus Pounce's profits;

e. Awarding Cadence actual damages under the Copyright Act or, at the election of Cadence, statutory damages for Pounce's copyright infringement and/or circumvention of copyright protection systems;

f. Increasing the award damages because of Pounce's willful infringement and/or circumvention;

g. Requiring Pounce to deliver upon oath, to be impounded during the pendency of this action, all infringing copies of Cadence's copyrighted works, any unauthorized software used to circumvent the licensing restrictions on the Cadence Software, and any products produced, designed, or manufactured, in part or in whole, with or in conjunction with the Cadence software; and that an order of impoundment and/or seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act and by the United States Supreme Court Copyright Practice Rules (1909); and that at the conclusion of this action, the Court shall order all such materials so held to be surrendered to Cadence or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

h. Awarding Cadence restitution;

i. Awarding Cadence its attorneys' fees and costs;

j. Awarding Cadence prejudgment and post-judgment interest;

Awarding Cadence such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Cadence demands a jury trial on all issues triable by a jury.

DATED: August 15, 2017  By:  /s/ Guy Ruttenberg

Guy Ruttenberg
RUTTENBERG IP LAW, A
PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260
guy@ruttenbergiplaw.com
*Attorney for Plaintiff*