Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Steve A. Papazian, Bar No. 288097
steve@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Plaintiff Cadence Design Systems, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., *a Delaware Corporation*,<br><br>Plaintiff,<br><br>v.<br><br>POUNCE CONSULTING, INC.,<br>*a California Corporation*, and POUNCE CONSULTING, S.A. de C.V., *a Mexican Sociedad Anónima de Capital Variable*.<br><br>Defendants. | Case No. 4:17-cv-04732-PJH<br><br>**DECLARATION OF GUY RUTTENBERG IN SUPPORT OF PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT POUNCE CONSULTING, S.A. DE C.V.**<br><br>Date:      March 28, 2018<br>Time:      9:00 am<br>Judge:     Hon. Phyllis J. Hamilton |

I, Guy Ruttenberg, declare as follows:

1. I am an attorney licensed to practice in the State of California and before this Court. I am a Principal at the law firm of Ruttenberg IP Law, A Professional Corporation, attorneys for Plaintiff Cadence Design Systems, Inc. ("Cadence"). If called as a witness, I could and would testify competently as to the facts set forth below, as I know each to be trued based upon my own personal knowledge or upon my review of the files and records maintained by Ruttenberg IP Law, A Professional Corporation, in the regular course of its representation of Cadence. I submit this declaration in support of Plaintiff's Motion for Default Judgment Against Defendant Pounce Consulting S.A. de C.V.

## *Experience and Hourly Rates of Attorneys and Staff*

2. I am lead counsel for this matter. My hourly rate billed to Cadence has been $575. The primary associate on this matter was Chris Pasich from February 2017 until October 2017. Mr. Pasich's hourly rate was $360.00. Mr. Pasich departed from the firm in October 2017, at which point Steve Papazian became the primary associate on this matter through today. Mr. Papazian's hourly rate is $395.00. As shown in the attached bills, I wrote off any time required to transition the case from Mr. Pasich to Mr. Papazian.

3. My hourly rate is reasonable and commensurate with my experience and background. I received a J.D., *cum laude*, from Harvard Law School in 1999. I received a B.A., *summa cum laude*, in Political Science and History in 1996 from the University of California, Los Angeles. Since October 2012, I have been the principal of Ruttenberg IP Law, which specializes in patent and other intellectual property litigation. Before this, I was a partner (and before that, an associate) at the law firm Kirkland & Ellis LLP from 2000 to 2012. At Kirkland & Ellis LLP, I also practiced patent and intellectual property litigation.

4. I am a member of the Bar of the State of California. I am admitted to practice before the Ninth Circuit Court of Appeals, the Federal Circuit and the U.S. District Courts for the Central, Northern, Southern and Eastern Districts of California.

5. Since I began my career, my work has focused on patent and other intellectual property litigation matters. My expertise also includes handling cross-border and international

intellectual property disputes, as well as intellectual property disputes involving fraud or concealment.  In my experience, one of the most difficult challenges in dealing with cases like the instant one is that the infringers often conceal their infringing conduct overseas where it can be difficult to trace and locate the infringer.  Such infringement presents special challenges because it requires counsel to locate the infringer, identify the relevant individuals and corporate entities, serve those parties and connect them with infringing conduct.  I have particular experience in such cases, including with respect to matters involving software piracy.

6. As explained above, my primary associate on this case Mr. Pasich, until his departure from the firm.  Mr. Papazian took over following Mr. Pasich's departure from the firm.  Mr. Kadin assisted Mr. Papazian in preparing the instant motion, but most of Mr. Kadins' time was written off.

7. Based on my experience, the hourly rate for Mr. Papazian is also reasonable and commensurate with his experience and background.  Mr. Papazian received his J.D. from the University of Southern California Gould School of Law in 2012.  Before that, he received a B.A. in International Relations from Stanford University.  Mr. Papazian has focused on patent and intellectual property litigation since 2012.  Mr. Papazian is also a member of the Bar of the State of California, and is admitted to practice in the U.S. District Courts for the Central, Northern and Southern Districts of California and the Federal Circuit.  Mr. Papazian has experience at Ruttenberg IP Law working on a number of intellectual property matters involving cross-border infringement and fraud or concealment by the infringer.  Before joining Ruttenberg IP Law, Mr. Papazian was an associate with the law firm of Kirkland & Ellis LLP.

8. Based on my experience, the hourly rate for Mr. Pasich is also reasonable and commensurate with his experience and background.  Mr. Pasich received his J.D. from the University of California, Los Angeles School of Law in 2014.  Before that, he received his B.S. in Electrical Engineering from Rice University in 2008.  Mr. Pasich is also a member of the Bar of the State of California, and is admitted to practice in the U.S. District Courts for the Central, Eastern, Northern and Southern Districts of California.  Before joining Ruttenberg IP Law, Mr. Papazian was an associate with the law firm of Cooley LLP.

9. Based on my experience, the hourly rate for Mr. Kadin is also reasonable and commensurate with his experience and background. Mr. Kadin received his J.D., *summa cum laude*, from Southwestern Law School in 2016. He received a B.A., *cum laude*, in Neuroscience from the University of Southern California in 2013, and is currently pursuing a M.S. in Biotechnology through Johns Hopkins University. In his time with our firm, Mr. Kadin has had experience working on a number of intellectual property matters involving cross-border infringement and fraud or concealment by the infringer. Mr. Kadin is also a member of the Bar of the State of California, and is admitted to practice in the U.S. District Court for the Central District of California.

10. We also received support from our paralegal staff. My senior and primary paralegal on this matter was Mr. William Stevens until his departure from the firm in December 2017. Mr. Stevens has been a paralegal for more than 16 years, with extensive experience at multinational firms including O'Melveny & Myers and Venable LLP. While he was at the firm, the hourly rate for Mr. Stevens' time on this matter was $195. When Mr. Stevens departed from the firm, we transitioned his role to Mr. Primo Solis as the lead paralegal in January 2018. To be conservative, I have written off all fees incurred by Mr. Solis in seeking fees here.

11. Based upon my extensive experience handling international intellectual property litigation matters, the rates charged by Ruttenberg IP Law are well within the range of hourly rates charged by attorneys with similar levels of experience practicing in the area of intellectual property law in California. Indeed, until 2012, I was a partner with another national law firm, where my hourly rate was far in excess of the rates that Ruttenberg IP Law charges for my time today.

12. Additional attorneys and staff on our team provided assistance on this matter, as well. As shown in the attached billing records, associate Daniel Kadin assisted Mr. Papazian in preparing the instant motion and related documents. Our summer associate Jordan Nafekh also assisted on the matter, as did our junior paralegal Jean Lee. To be conservative—and as shown in the attached invoices—we have written off all time from Mr. Kadin, Mr. Nafekh and Ms. Lee in connection with this fee application.

/ / /

*Attorneys' Fees*

13. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from redacted invoices submitted to Cadence in connection with the above-referenced litigation from February 2017 through January 2018. The invoices have been redacted for privileged or work product information, which is unnecessary for evaluating the time spent.

14. I reviewed each entry on the billing invoices from Ruttenberg IP Law in connection with the above referenced case. As the accompanying invoices indicate, I wrote off time when I thought the work could have been completed more quickly or multiple people worked together on a project. These write-offs are reflected in the accompanying invoices.

15. In connection with the pending motion (which seeks attorneys' fees pursuant to the License Agreement and copyright statutes), I also re-reviewed each time entry. In some cases, I wrote off additional time as part of this process. I reviewed each entry on these billing invoices twice—once when the invoices were issued and a second time in connection with this fee application. As explained above, in connection with this fee application and motion, I have written off all time work to date by Mr. Kadin, Mr. Naefkh, Mr. Solis and Ms. Lee

16. Cadence does not seek recovery of fees for entries that are completely redacted (*i.e.*, blacked out) or where there is an entry indicating "Not Sought" or "NS." Cadence does seek recovery of fees for entries that are partially redacted because the redacted portions reflect work product or privileged information.

17. The fees billed to Cadence, after write-offs reflected above, are as follows between February 2017 and January 2018:

| **Invoice No.** | **Month** | **Amount** |
|---|---|---|
| 10426 | Feb-July 2017 | $32,513.50 |
| 10435 | Aug-2017 | $14,925.00 |
| 10451 | Sep-2017 | $4,180.00 |
| 10467 | Oct-2017 | $16,286.00 |
| 10478 | Nov-2017 | $19,318.00 |
| 10493 | Dec-2017 | $5,778.00 |
| 10511 | Jan-2018 | $24,828.50 |
| | **Total Sought:** | **$117,829.00** |

/ / /

18. For each invoice, the amounts referenced above matches the amount noted "For professional services rendered," minus any additional write-offs for entries that are completely redacted or entries marked as "Not Sought."

19. In addition, I have billed approximately 10 hours in February, mostly in connection with attending and preparing for the Court-ordered mediation (which Pounce SA failed to attend), evaluating issues raised by the Defendants in connection with the Protective Order, and finalizing the instant motion and supporting documentation. Mr. Papazian has billed approximately 17 hours in February through today for similar projects. In total, excluding any additional fees by Messrs. Kadin and Solis, the fees incurred to date in February total approximately $12,465.

20. As shown above, the total fees charged to Cadence by Ruttenberg IP Law in connection with the above captioned case through February 14, 2018, and sought in connection with this motion total $130,294. This amount includes work performed by myself, Mr. Pasich, Mr. Papazian and Mr. Stevens.

21. The invoices reflect time records that were contemporaneously maintained. They also accurately reflect the work performed by each attorney and staff member referenced therein. I require the Firm's attorneys (in their employment agreements) to maintain and enter contemporaneous time records for any and all client work. Likewise, for staff (*e.g.*, paralegals, summer associates), their employment agreements provide that "any work performed directly for clients of the Firm should be logged (with appropriate descriptions) in our time-entry system." Further, for both attorneys and staff, our employment agreements provide that "[t]ime should be entered on a daily basis, but at the very least on a weekly basis. For any month, all time should be entered and closed in the system by the 2nd day of the following month."

22. It is my opinion that the attorneys' fees in the amount of $130,294 fairly reflect the fees incurred by Cadence, which increased substantially as a result of Pounce SA's intentional and dilatory tactics, which are described at length in the briefing associated with the instant motion.

23. Some of the work referenced in these invoices was performed on a hybrid contingency arrangement. The details of this arrangement have been redacted from the bills as they are not relevant here. *See Roush v. Berosini*, 66 F. App'x 725, 726 (9th Cir. 2003); *Gotro v. R & B*

1 *Realty Group*, 69 F.3d 1485, 1487–88 (9th Cir. 1995).  Most of the contingency fees are
2 characterized as deferred.
3     24. I expect to supplement this submission with additional invoices related to any reply
4 brief, attendance at any hearing and future mediation, among other issues.

### *Other Issues Addressed in Motion*

6     25. Attached hereto as **Exhibit A** is a true and correct copy of a document produced in
7 this action under Bates Numbers CAD_0000005-11.  The document appears to be an email from
8 Pounce SA's Chief Operating Officer Mauricio Gomez, dated February 2, 2016, and addressed to
9 Cadence.
10     26. Attached hereto as **Exhibit B** is a true and correct copy of a document produced in
11 this action by Pounce Inc. under Bates Numbers PUSA000014-17.  The document appears to be an
12 email sent by Pounce SA's Chief Operating Officer Mauricio Gomez to Jose Llera on September
13 24, 2014 (before the instant litigation began).
14     27. Attached hereto as **Exhibit C** is a true and correct copy of a document that was
15 downloaded from the internet at my direction.  The document appears to be an email from Pounce
16 SA's online marketing materials, which indicate that Pounce SA has used Cadence's software in
17 Pounce SA's "Firmware and Software Design" business.  The document is available at the
18 following URL: https://issuu.com/alejandroboilerroom/docs/pounce_consulting_corporativo.
19     28. Attached hereto as **Exhibit D** is a true and correct copy of excerpts of a document
20 that was downloaded from the internet at my direction.  The document appears to be Pounce SA's
21 business catalogue showing it performs work for customers in California, including Advanced
22 Micro Devices, Inc., which is based in Sunnyvale, California.  The document is available at the
23 following URL: http://pouncecorp.com/Pounce.pdf.
24     29. Attached hereto as **Exhibit E** is a true and correct copy of an email chain between
25 my associate Steve Papazian and Pounce SA's CEO Roger Viera in November and December 2017,
26 detailing the lawsuit against Pounce SA, the impending default and entry of default.  I am copied on
27 the correspondence, as is Ms. Maria Jose Viera, who is identified by Mr. Viera (in the
28 correspondence) as Legal Counsel in the Pounce SA legal department.

30. Attached hereto as **Exhibit F** is a true and correct copy of a January 3, 2018 email sent by my associate Steve Papazian to Pounce SA's CEO Roger Viera and Pounce SA's legal counsel regarding a settlement conference in the litigation involving Pounce SA. I am copied on the correspondence.

31. Attached hereto as **Exhibit G** is a true and correct copy of Answering Defendant Pounce Inc.'s verified Responses to Interrogatories Numbers 1-3, dated December 6, 2017.

32. Attached hereto as **Exhibit H** is a true and correct copy of a document produced in this action under Bates Numbers CAD_0000002-4. The document appears to be an email from Mike Gartland of EMA Design Automation to Roger Viera (via Mayra Ortiz), dated September 3, 2014.

33. I declare under penalty of perjury that the foregoing is true and correct.

Executed this day, February 15, 2018, in Minneapolis, Minnesota.

By: */s/ Guy Ruttenberg*
GUY RUTTENBERG

**CERTIFICATE OF SERVICE**

I certify that I caused to be served counsel of record on February 15, 2018 with DECLARATION OF GUY RUTTENBERG IN SUPPORT OF PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT POUNCE CONSULTING, S.A. DE C.V. via CM/ECF.

Executed on February 15, 2018 in Minneapolis, Minnesota.

By:  */s/ Guy Ruttenberg*
     GUY RUTTENBERG