# Exhibit G

ROBERT J. STEINBERGER, SBN: 182471
JASON W. COBERLY, SBN: 227516
SODEN & STEINBERGER, APLC
550 West C Street, Suite 1160
San Diego, CA 92101
Telephone:  (619) 239-3200
Facsimile:  (619) 238-4581

Attorneys for defendant, Pounce Consulting, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., | CASE NO. 17-4732 |
| Plaintiff, | |
| v. | **POUNCE CONSULTING, INC.'S, RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| POUNCE CONSULTING, INC., | |
| Defendant. | |

**PROPOUNDING PARTY:**     **CANDENCE DESIGN SYSTEMS, INC.**

**RESPONDING PARTY:**     **POUNCE CONSULTING, INC.**

**SET NUMBER:**     **ONE**

Defendant, POUNCE CONSULTING, INC., hereinafter Defendant responds to Plaintiff's, CADENCE DESIGN SYSTEMS, INC., Interrogatories, Set One, as follows:

## *PRELIMARY STATEMENT*

These responses are made solely for the purpose of and in relation to this action.  Each answer is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility), which would require the exclusion of any statement contained herein if the request were asked of, or any statement contained herein were made by, a witness present and testifying in court.  All such objections and grounds therefore are reserved any may be interposed at the time of trial.

-1-

DEFENDANT'S RESPONSE TO INTERROGATORIES – SET ONE

To the extent any answer contains or refers to matters otherwise protected from discovery by the work product or attorney-client privilege, no waiver is intended, nor is any waiver intended as to any other matters which are or may be subject to such protections or otherwise privileged.

The party on whose behalf the responses are given has not yet completed its investigation of the facts relating to this action, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following responses are given without prejudice to the responding party's right relating to the proof of facts subsequently discovered to the material.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any request herein has been answered should not be taken as an admission, or a concession of the existence, of any facts set forth or assumed by such request, or that such answer constitutes evidence of any fact thus set forth or assumed by such request, or that such answer constitutes evidence of any fact this set forth or assumed. All answers must be construed as given on the basis of present recollection.

**INTERROGATORY NO. 1:**

*Identify all Pounce Computers that contain, or have contained, Cadence Software, including at least the following information for each such Pounce Computer: hostname; MAC address(es); IP address(es); type (e.g., laptop, desktop); brand and model; operating system; and physical location*

**RESPONSE TO INTERROGATORY NO. 1:**

Responding party objects to this request to the extent it seeks a response for "Pounce Computers" that are not, or were not, in responding party's possession or control. Without waiving this objection, no Pounce Computers contain or have contained Cadence Software.

**INTERROGATORY NO. 2:**

*For each Pounce Computer identified in response to Interrogatory No. 1, identify the Cadence Software contained thereon and the facts and circumstance surrounding the installation of such Cadence Software, including at least the following information: date of first installation and each successive installation or update thereof; identify of Persons causing Cadence Software to be installed; and the origins of such Cadence Software, including how and from where it was downloaded, copied, or otherwise obtained by You.*

**RESPONSE TO INTERROGATORY NO. 2:**

N/A

**INTERROGATORY NO. 3:**

*Identify all Persons who have used the Pounce Computers identified in response to Interrogatory No. 1, including at least the following information for each Person: full legal name; nickname(s) or other alias(es); address of residence; current and previous job titles and job descriptions; and relation to You. (e.g., officer, director, employee, consultant, contractor, etc.) and the time period(s) for such relation.*

**RESPONSE TO INTERROGATORY NO. 3:**

N/A

**INTERROGATORY NO. 4:**

*Describe with particularity the relationship and nature of interaction between Pounce Consulting, Inc. and Pounce Consulting, S.A. de C.V., including without limitation any overlapping officers, directors, employees or ownership (past or present), as well as any agreement(s) (written or oral) governing the relationship.*

**RESPONSE TO INTERROGATORY NO. 4:**

Objection, this interrogatory is compound. Without waiving this objection, responding party states that: Prior to 2008, Paul Hoffman was the majority owner of Pounce Consulting, Inc.

In 2008, Pounce Consulting, S.A. de C.V., and IW Holding, LLC, purchased Paul Hoffman's interest in Pounce Consulting, Inc., with Pounce Consulting, S.A de C.V., becoming the majority shareholder.

In 2011, Juan Llera purchased a minority interest, approximately ten percent, in Pounce Consulting, Inc.; Pounce Consulting, S.A. de C.V., owned seventy percent and IW Holding, LLC, owned twenty percent.

In 2015, Pounce Consulting, S.A. de C.V., sold all of its interest in Pounce Consulting, Inc., to Roger Viera, and IW Holding, LLC, sold all of its interest to Juan Llera.

From 2015 to the present, Roger Viera owns approximately 70% of Pounce Consulting, Inc., and Juan Llera owns the remaining 30%.

DEFENDANT'S RESPONSE TO INTERROGATORIES – SET ONE

For about four years, from about 2010-2013, Juan Llera was simultaneously an employee managing Pounce Consulting, S.A. de C.V., information technology department and a manager of Pounce Consulting, Inc.

For about four months in 2017, from January to May, Juan Llera was an contractor for Pounce Consulting, S.A. de C.V., in the its manufacturing department tasking with the definition of processes, roles and responsibilities and a Manufacturing Execution system.

For about three years, from about 2011-2014, Roger Viera was simultaneously a manager of Pounce Consulting, S.A. de C.V., and Pounce Consulting, Inc.

Pounce Consulting, S.A. de C.V.'s, attorney and Pounce Consulting, Inc., have a written agreement dated May 2009 for the use of the "Pounce" brand.

Pounce Consulting, Inc., hires professionals through Pounce Consulting, S.A. de C.V., and sells their services in the United States.  Pounce Consulting, Inc., also handles some of Pounce Consulting, S.A. de C.V., invoicing for its United States clients.

Pounce Consulting, Inc., and Pounce Consulting, S.A. de C.V., share the same Internet domain name, i.e., pouncecorp.com and pounceconsulting.com because of the "pounce" brand.

Pounce Consulting, Inc., sometimes receives shipments for Pounce Mexico at its office in the United States and then forwards that shipment to Pounce Mexico, which reimburses Pounce Consulting, Inc., for the shipping cost.

**INTERROGATORY NO. 5:**

*Provide the full Internet Protocol ("IP") address range(s) for which You contract with, or that is provided by, Your internet service provider(s).*

**RESPONSE TO INTERROGATORY NO. 5:**

Pounce Consulting, Inc., uses AT&T for its Internet services.  The IP range is: 192.168.1.253, 192.168.1.254, 192.168.1.255, 192.168.1.256, 192.168.1.257, 192.168.1.258, 192.168.1.259, 192.168.1.260, 192.168.1.261, 192.168.1.262, 192.168.1.263, 192.168.1.264, 192.168.1.265.

**INTERROGATORY NO. 6:**

*If You contend You are not liable for copyright infringement, state all facts you content support your defense(s).*

**RESPONSE TO INTERROGATORY NO. 6:**

Responding party has not used or infringed upon any of propounding party's copyrights.

**INTERROGATORY NO. 7:**

*If You contend You are not liable under 17 U.S.C. § 1201, state all facts you contend support your defense(s).*

**RESPONSE TO INTERROGATORY NO. 7:**

Responding party has not violated 17 U.S.C. § 1201.

**INTERROGATORY NO. 8:**

*If You contend You are not liable for breach of contract, state all facts you contend support your defense(s).*

**RESPONSE TO INTERROGATORY NO. 8:**

Responding party does not have any agreements with propounding party. Responding party has not breached any contract with propounding party.

**INTERROGATORY NO. 9:**

*Identify any and all electronic design automation software utilized by You (including by any employees or contractors working with or for You) since January 1, 2012.*

**RESPONSE TO INTERROGATORY NO. 9:**

Responding party and its employees have not used any electronic design automation software. Responding party's contractors have not used any electronic design automation software within the scope of their contracts with responding party.

DATE:  December 6, 2017                            **/s/  Jason Coberly_____**
                                                   Jason W. Coberly
                                                   Attorney for Defendant

## VERIFICATION

I, Juan Llera, am the President for Pounce Consulting, Inc., who is a party to this action. The matters stated in the foregoing RESPONSE TO PLAINTIFF CADENCE DESIGN SYSTEMS, INC – INTERROGATORY - SET ONE are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in San Diego, California, on the date stated below.

Date: _____    _____
Juan Llera, President
Pounce Consulting, Inc., Defendant