# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., *a Delaware Corporation*,<br><br>Plaintiff,<br><br>v.<br><br>POUNCE CONSULTING, INC., *a California Corporation*, and POUNCE CONSULTING, S.A. de C.V., *a Mexican Sociedad Anónima de Capital Variable*.<br><br>Defendants. | Case No. 4:17-cv-04732-PJH<br><br>**PROPOSED ORDER GRANTING PLAINTIFF CADENCE DESIGN SYSTEMS, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT POUNCE CONSULTING S.A. DE C.V.** |

This Court, having considered Plaintiff Cadence Design Systems, Inc.'s ("Cadence") Motion for Default Judgment, the Memorandum of Points and Authorities, declarations, and exhibits in support thereof, hereby GRANTS the Motion for Default Judgment Against Defendant Pounce Consulting, S.A. de C.V. ("Pounce SA") and ORDERS as follows:

### Judgment as to Liability

1. This is an action for: (1) copyright infringement, (2) circumvention of copyright protection systems and (3) breach of contract.

2. This Court has personal jurisdiction over the parties, and subject matter jurisdiction over the matters in controversy.  Venue is proper in this judicial district.

3. Defendant Pounce SA was served with the First Amended Complaint on or about November 2, 2017.

4. Having failed to answer, default on the FAC was entered against Pounce SA on December 6, 2017.  (Dkt. No. 44).

5. Pounce SA is not an infant or incompetent, in the military or otherwise subject to the Civil Relief Act of 1940, and was served with notice of this motion.

6. The Court grants judgment in favor of Plaintiff Cadence and against Pounce SA on Count 1 for Copyright Infringement.

7. The Court grants judgment in favor of Plaintiff and against Pounce SA on Count 2 for Circumvention of Copyright Protection Systems.

8. The Court grants judgment in favor of Plaintiff and against Pounce SA on Count 3 for Breach of Contract.

9. The Court finds that Pounce SA's copyright infringement and circumvention of software protection systems has been willful.

10. Plaintiff Cadence is the prevailing party against Pounce SA for all purposes.

### Monetary Award

11. On Count 1, the Court finds that the award of compensatory and statutory damages for Counts 2 and 3 are also appropriate and sufficient as to Count 1.

/ / /

12. On Count 2, the Court awards Plaintiff statutory damages in the amount of $17,332,000, based on 6933 *detected* acts of circumvention multiplied by $2500 per occurrence. The Court finds that the maximum amount of statutory damages are warranted here because (i) Pounce SA's circumvention has been willful, (ii) Pounce SA has avoided paying significant licensing fees through its willful infringement and circumvention, (iii) Pounce SA's willful default prevents Cadence from learning the true scope of Pounce SA's infringement in discovery, and the full extent of Pounce SA's circumvention is unknown because Cadence's phone home report only captures illicit activity conducted while online; (iv) Pounce SA's default prevents Cadence from taking discovery as to profits earned by Pounce SA in using the pirated Cadence software; (v) Pounce SA continued its willful circumvention and infringement for years after receiving notification from Cadence of Pounce SA's unauthorized use as far back as 2014, (vi) Pounce SA has not only ignored Cadence's intellectual property and Cadence's efforts to resolve the dispute outside of court, it has also flouted the Court's authority and refused to participate in these proceedings in any capacity; (vii) most recently, Pounce SA fail to attend a Court-ordered mediation; and (viii) the Court seeks to discourage such extreme disregard of our legal system by parties like Pounce SA.

13. On Count 3, the Court awards Plaintiff compensatory damages consisting of $1,085,642.99 for the value of license fees that would be owed had Pounce SA properly sought and obtained a licenses for its unauthorized use ($783,310) and prejudgment interest ($302,332.99).

14. The Court also awards attorneys' fees in favor of Plaintiff and against Pounce SA based on Counts 1, 2 and 3 in the amount of $130,294. Attorney's fees are awarded for Count 1 (copyright infringement), for Count 2 (circumvention of copyright protection systems) under 17 U.S.C. §§ 1203(b)(4), (5), and Count 3 (breach of contract) based on § 28 of the Software Agreement.

15. In total, the Court awards Plaintiff monetary relief in the amount of $18,547,936.99 against Pounce SA.

/ / /

/ / /

### Injunctive Relief

16. The Court further orders that Pounce SA and each of its officers, directors, agents, servants, employees, affiliates, attorneys, and all others in privity or concert with them, including parents, subsidiaries, divisions, successors, and assigns, are hereby **PRELIMINARILY AND PERMANENTLY ENJOINED** from using, downloading, or otherwise accessing the Cadence Software or any other Cadence software, including without limitation any and all versions of Allegro, PSpice and OrCAD.

### Entry of Final Judgment

17. There being no just reason for delay, the Court shall direct entry of final judgment under Federal Rule of Civil Procedure 54(b) in favor of Plaintiff as to all claims asserted in this action by Cadence against Pounce SA.

### Enforcement

18. The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction. If Pounce SA shall be alleged to have breached the terms of this Judgment and Permanent Injunction, Cadence shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application. If this matter is so reopened, Cadence may pursue any and all remedies it may have against Pounce SA and shall also be entitled to recover its attorneys' fees for any further litigation.

**IT IS SO ORDERED.**

Dated: _____, 2018

By _____
Phyllis J. Hamilton
United States District Judge