Frederick K. Taylor (Bar No. 159838)
E-mail:fred.taylor@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant Pounce Consulting, S.A. de C.V.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., *a Delaware Corporation*,<br><br>   Plaintiff,<br><br>v.<br><br>POUNCE CONSULTING, INC., *a California Corporation*, and POUNCE CONSULTING, S.A. de C.V., *a Mexican Sociedad Anónima de Capital Variable*,<br><br>   Defendants. | Case No. 4:17-CV-04732-PJH<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND MOTION TO QUASH FOR INSUFFICIENCY OF SERVICE OF PROCESS**<br><br>Date:   April 18, 2018<br>Time:  9 A.M.<br>Dept.:  Courtroom 3<br><br>Complaint Filed: August 15, 2017<br>Judge: Hon. Phyllis J. Hamilton |

**TABLE OF CONTENTS**

**Page**

I. BACKGROUND ........................................................................................................... 1

    A. Plaintiff's First Amended Complaint ................................................................ 1

    B. Plaintiff Attempted To Effect Service On Pounce, S.A. By Substitute Service Upon An Individual Who Has No Affiliation With Pounce, S.A. ................. 1

    C. Plaintiff Attempted To Effect Service On Pounce, S.A., a Company Based In Mexico, By Substitute Service Via Mail To The Silverton Avenue Address. ............ 2

    D. Entry of Default Against Pounce, S.A. ............................................................. 2

II. CADENCE DID NOT SERVE AN OFFICER, GENERAL MANAGER OR DESIGNATED AGENT FOR SERVICE OF PROCESS OF POUNCE, S.A., THEREFORE SERVICE WAS NOT EFFECTED UNDER STATE OR FEDERAL LAW AND SHOULD BE QUASHED. ............................................................................. 3

III. THE COURT SHOULD SET ASIDE THE ENTRY OF DEFAULT AGAINST POUNCE, S.A. ................................................................................................................ 6

    A. Pounce, S.A.'s Alleged Default Was Not Culpable Since It Was Not Properly Served. ................................................................................................ 6

    B. There is No Prejudice To Cadence In Setting Aside The Entry Of Judgment Against Pounce, S.A. .......................................................................................... 8

    C. The Fact That Pounce, S.A. Is A Foreign Corporation that May not be Subject to Personal Jurisdiction and Has Not Been Properly Served Are Meritorious Defenses. ........................................................................................ 9

IV. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bancroft & Masters, Inc. v. August Na'l Inc.*
  223 F.3d 1082 (9th Cir. 2000) ......................................................................................... 9

*Bateman v. U.S. Postal Serv.*
  231 F.3d 1220 (9th Cir. 2000) ......................................................................................... 8

*Belle v. Chase Home Finance, LLC*
  No. 06CV2454 WQH (LSP), 2007 WL 3232505 (S.D. Cal. May 22, 2007) .................. 4

*Brockmeyer v. May*
  383 F.3d 798 (9th Cir. 2004) ....................................................................................... 4, 5

*Haw. Carpenters' Trust Funds v. Stone*
  794 F.2d 508 (9th Cir. 1986) ........................................................................................... 6

*Hirsh v. Blue Cross, Blue Shield*
  800 F.2d 1474 (9th Cir. 1986) ......................................................................................... 4

*Mason v. Genisco Tech. Corp.*
  960 F.2d 849 (9th Cir. 1992) ....................................................................................... 6, 7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*
  526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ................................................. 6

*Oyama v. Sheehan*
  253 F.3d 507 (9th Cir. 2001) ........................................................................................... 5

*Peralta v. Heights Med. Ctr., Inc.*
  485 US 80, 108 S.Ct. 896 (1988) .................................................................................... 9

*Schwab v. Bullock's, Inc.* (9th Cir. 1974)
  508 F.2d 353 .................................................................................................................... 8

*TCI Group Life Ins. Plan v. Knoebber*
  244 F.3d 691 (9th Cir. 2001) .................................................................................. 6, 7, 8

*Thompson v. American Home Assur. Co.*
  95 F.3d 429 (6th Cir. 1996) ............................................................................................. 8

*Veeck v. Commodity Enters., Inc.*
  487 F.2d 423 (9th Cir. 1973) ........................................................................................... 6

**FEDERAL STATUTES, REGULATIONS, AND RULES**

Federal Rules of Civil Procedure
Rule 4....4
Rule 4(e)(1) ....3
Rule 4(f)....3, 5
Rule 4(h)....3
Rule 4(h)(1) ....4
Rule 55(a) ....2
Rule 55(c) ....6
Rule 60(b) ....6

**CALIFORNIA STATUTES, REGULATIONS, AND RULES**

California Civil Code § 415.20(a) ....4

California Code of Civil Procedure § 416.10 ....4

**OTHER AUTHORITIES**

5 C. Wright & A. Miller, Federal Practice and Procedure § 1354 (1969)....5

Defendant Pounce Consulting, S.A. de C.V. respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Set Aside Entry of Default and Motion to Quash for Insufficiency of Service of Process.

## I.

## BACKGROUND

### A.  Plaintiff's First Amended Complaint

On November 1, 2017, Plaintiff Cadence Design Systems, Inc. ("Cadence") filed a First Amended Complaint for Injunctive Relief and Damages for Copyright Infringement; Circumvention of Copyright Protection Systems; and Breach of Contract against Pounce Consulting, Inc., while adding Pounce Consulting, S.A. de C.V. as a new defendant. (Dkt. 25). In its First Amended Complaint (hereafter "FAC"), Cadence alleged that Pounce Consulting, Inc. ("Pounce, Inc.") and Pounce Consulting S.A. de C.V. ("Pounce, S.A.") are jointly and severally liable for alleged actions and damages. (Dkt. 25 at ¶ 10.)  On February 15, 2018, Cadence filed its motion seeking entry of default judgement against Pounce, S.A. in the amount of $18,547,936.99, which consists of statutory damages for Pounce, S.A.'s DMCA violations, compensatory damages for lost licensing revenues, prejudgment interest and attorney's fees. (Dkt. 55-1)

### B.  Plaintiff Attempted To Effect Service On Pounce, S.A. By Substitute Service Upon An Individual Who Has No Affiliation With Pounce, S.A.

Proof of service in the subject litigation indicates that Mark Brown, of First Legal, served by substituted service Thania Herrera (hereinafter "Herrera"), Office Administrator, on November 2, 2017 at 4:48 p.m., at 7960 Silverton Ave. Suite 113, San Diego, California 92126. (Dkt. 29-1.) The person served, Herrera, is not an employee of Pounce, S.A. (Declaration of Yolanda Maria Jose Viera Pillado ("Yolanda Decl." ¶ 7.))  Herrera is an employee of Pounce, Inc. only. (Declaration of Juan Llera (Llera Decl. ¶4.))  She was hired by Pounce, Inc. as an office administrator in May 2015, and works at the Silverton Avenue address. (Llera Decl. ¶4.)  Herrera is not currently, and has never been, an employee of Pounce, S.A. (Yolanda Decl. ¶ 7.)  Further, she is not, and has never been, authorized to accept service of process for Pounce, S.A. (Yolanda Decl. ¶ 7.)

## C. Plaintiff Attempted To Effect Service On Pounce, S.A., A Company Based In Mexico, By Substitute Service Via Mail To The Silverton Avenue Address.

The proof of service further states that Mario Alvarado, of First Legal, attempted to serve Pounce, S.A. by mail at 7960 Silverton Avenue, Suite 113, San Diego, CA 92126. (Dkt. 29-1) Pounce, S.A. was incorporated in Mexico in 2005. Since its incorporation, Pounce, S.A.'s principal place of business has been located exclusively in Guadalajara, Jalisco, Mexico. (Yolanda Decl. ¶ 5.) Until December 2017, Pounce, S.A.'s principal place of business was Avenida 8 De Julio No. 1295, Colonia Moderna, in Guadalajara. (Yolanda Decl. ¶ 5.) Notably, the Silverton Avenue address has never been used by Pounce, S.A. as its principal place of business. (Llera Decl. ¶ 3; Yolanda Decl. ¶ 5, 9.) Pounce, S.A. does not have a business located at the Silverton address and does not maintain any offices in California or the United States. (Yolanda Decl. ¶¶ 5, 9.) To date, Pounce, S.A. has not been served in this action. (Yolanda Decl. ¶ 8.) Pounce, S.A. has not received any correspondence regarding this action at either address in Guadalajara, Jalisco, Mexico. (Yolanda Decl. ¶ 8.)

## D. Entry Of Default Against Pounce, S.A.

In order to obtain an entry of default, Plaintiff must present an affidavit or declaration to the court clerk proving that the defendant has been served with summons and complaint and has failed to respond within the time permitted. Upon such proof the court clerk must enter the default. (Rule 55(a).) On November 9, 2017, Cadence filed both the Proof of Service of FAC and Summons on Defendant Pounce Consulting S.A. de C.V. in this Court. (Dkt. 29.) On December 6, 2017 the Court Clerk entered default against Pounce, S.A. On November 29, 2017, Cadence applied for an entry of default under Rule 55(a) and made further representations that a summons "Cadence served Defendant Pounce S.A. de C.V. at 7960 Silverton Ave. Suite 113, San Diego, California 92126." (Dkt. 43-1 ¶ 2.) Pounce, S.A. has not appeared in this action.

///
///
///
///

## II.

## CADENCE DID NOT SERVE AN OFFICER, GENERAL MANAGER OR DESIGNATED AGENT FOR SERVICE OF PROCESS OF POUNCE, S.A., THEREFORE SERVICE WAS NOT EFFECTED UNDER STATE OR FEDERAL LAW AND SHOULD BE QUASHED.

Pounce, S.A. is a foreign corporation. (Yolanda Decl. ¶ 2, 9-16.) The chief executive officer of Pounce, S.A., Mr. Roger Viera, informed counsel for Cadence that Pounce, S.A. is a Mexican corporation and that it does not operate at all in the United States. (See, Dkt. No. 43-2, pp. 3-4.)[1] Mr. Viera then informed Plaintiff's counsel that he should contact Pounce S.A.'s Mexican counsel. *Id*. On November 28, 2017, Plaintiff's counsel then forwarded the complaint to Pounce S.A.'s counsel and provided exactly one day to respond before submitting a request for default. *Id*., at pp. 2-3. True to his word, Pounce S.A.'s counsel requested entry of default the next day on November 29, 2017. This was done despite receiving this information directly from Pounce S.A.'s CEO that such service may be ineffective, and despite the obvious indication that there may not be jurisdiction against Pounce, S.A. in this Court. In any case, service upon a foreign corporation must be done in accordance with the Federal Rule of Civil Procedure, Rule 4(h). Ultimately, Plaintiff needed to serve Pounce, S.A. in accordance with Hague Convention rules, but it has failed to do so here.

Rule 4(h) governs service on foreign corporations and provides:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

---

[1] Specifically, Pounce, S.A.'s CEO, Roger Viera, informed Mr. Steve Papazian, Esq., counsel for Plaintiff "I am the CEO of Pounce Consulting Mexico [S.A.] de CV. - located in GDL Mexico, we do not operate in the USA at all, in order to present any [complaint] against us since we a Mexican corporation you need to contact our legal department in Mexico." *Id*.

1  Cadence did not diligently attempt to serve Pounce, S.A. in this action. Cadence's FAC in this
2  action which was filed on or about November 1, 2017, correctly identified Pounce, S.A.'s correct
3  address and place of business in Guadalajara, Mexico when it was filed and at the alleged time of
4  service. (Dkt. 25 at ¶ 4; Yolanda Decl. ¶5.) The proof of service filed by Cadence states that it
5  served Pounce, S.A. by substituted service on Herrera, Office Administrator, at 7960 Silverton
6  Avenue, Suite 113, San Diego, CA 92126 and mailed the documents to the same Silverton Avenue
7  address. (Dkt. 29-1.) In its Proof of Service of Summons, Cadence declares that the subject
8  address is for the "company" Pounce, S.A. However, this is simply not true. (Llera Decl. ¶¶ 2-3;
9  Yolanda Decl. ¶ 5.)

10  Herrera was not a proper agent to accept service for Pounce, S.A. as neither Pounce, Inc.
11  nor Herrera are registered agents for service of process for Pounce, S.A. First of all, Herrera is
12  employed by Pounce, Inc., not Pounce, S.A. (Llera Decl. ¶ 4.) She is not a current officer,
13  managing agent, general agent, or any other type of agent within the scope of Rule 4 to satisfy the
14  requirement of service of process on Pounce, S.A. (Yolanda Decl. ¶ 5.)

15  Cadence's attempted service upon Pounce, S.A. even fails under California law. California
16  state law allows service upon a corporation by delivering a copy of the summons and complaint to
17  the person designated for service of process or to the president or other head of the corporation, or
18  a person authorized by the corporation to receive service of process. Cal. Civ. Proc. Code §
19  416.10. Thus, under both federal and state law, service of summons upon a corporation is only
20  proper if delivered to an officer, general manager or designated agent for service of process. *See*
21  *id.*; FRCP Rule 4(h)(1). Cadence failed to serve Pounce, S.A. in accordance with any law. When
22  service of process is challenged, a plaintiff bears the burden of showing that service is valid under
23  Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004); *Belle v. Chase Home Finance,*
24  *LLC*, No. 06CV2454 WQH (LSP), 2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007), citing
25  *Hirsh v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986).

26  Cadence claims service was appropriate under Civil Code section 415.20(a). Pounce, S.A.
27  was not served in accordance with section 415.20(a) either. Section 415.20(a) allows a summons
28  to be served in lieu of personal delivery by leaving a copy of the summons and complaint with the

person apparently in charge, but still requires that it be at "his or her office" or "usual mailing address". While Cadence has alleged that Pounce, Inc. and Pounce, S.A. are affiliated it had no reason to believe the Silverton Avenue address was Pounce, S.A.'s principal place of business or that Herrera was an Office Administrator for Pounce, S.A. Furthermore, even if substituted service was appropriate Cadence had a duty to mail the FAC and summons to Pounce, S.A. at its principal place of business. Cadence listed Pounce, S.A.'s correct principal place of business at Av. 8 De Julio No. 1295, Col. Moderna 44190, Guadalajara, Mexico it its FAC. (Dkt. 25 at ¶ 4.) Here, notice of process was not properly directed to Pounce, S.A.'s true address. Federal Rules required Cadence to serve Pounce, S.A. in Guadalajara, Mexico or via the Hague Convention. (Rule 4(f).) However, Cadence did not attempt to serve Pounce, S.A. at any address other than the Silverton Avenue address. (Dkt. 29 and 43.) Pounce, S.A. has not registered to accept service at the Silverton Avenue address or anywhere else in California. (Yolanda Decl. ¶¶ 7, 16; Llera Decl. ¶ 2.) The attempt at substitute service at the Silverton Avenue address failed as to Pounce, S.A. as it is not located there, Herrera is not its employee, or its registered agent for service. Here, as stated above, Pounce, S.A. is a foreign (Mexico) corporation.

When a court determines that service of process is insufficient, it has broad discretion to either dismiss the action without prejudice or retain the case but quash the service of process. *Oyama v. Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 585-86 (1969). A court should generally quash service of process instead of dismissing the action when there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

The evidence here shows Pounce, S.A. overcomes the presumption that it was properly served on November 2, 2017. Pounce, S.A. should not suffer the consequences of Cadence's failure to properly serve Pounce, S.A. and the Court should quash the serve of process against Pounce, S.A. And, as argued below, the default that has been entered should be set aside.

///

///

## III.

## THE COURT SHOULD SET ASIDE THE ENTRY OF DEFAULT AGAINST POUNCE, S.A.

This Court has the authority to set aside the entry of default for good cause. (FRCP Rule 55(c).) Rule 55(c) provides the standard for determining whether a motion to set aside an entry of default or relief from a default judgment should be granted. Rule 55(c) states that "[for] good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The standard for setting aside an entry of default is less rigorous than the standard for setting aside a default judgment. *See Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). In assessing whether to set aside a default for good cause, a court looks to whether "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *In re Hammer*, 940 F.2d 524, 525–26 (9th Cir.1991); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

Here there is good cause to set aside the entry of default as Pounce, S.A. was not served with process and therefore had no duty to respond to this action. A plaintiff's failure to properly serve defendant with process constitutes good cause to set aside entry of default. See *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 425-26 (9th Cir. 1973) (failure to serve properly constituted a lack of jurisdiction to enter default judgment, thus default judgment was set aside); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where a plaintiff fails to serve process properly).

**A.   Pounce, S.A.'s Alleged Default Was Not Culpable Since It Was Not Properly Served.**

Cadence cannot establish that Pounce, S.A.'s alleged default was culpable. The Supreme Court has held that it is a bedrock principle that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (emphasis added) (thirty-day time line to remove

case to federal court did not begin when defendant received a file-stamped facsimile of the complaint, but only after formal service of process obliged defendant to engage in litigation).

A defendant's conduct is only culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer. *TCI*, 244 F.3d at 697; See also, *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 854 (9th Cir. 1992) (finding that plaintiff's failed service cannot support the entry of a default judgment, even if the defendant has actual notice of the action, because the court has not yet acquired jurisdiction). However, the Ninth Circuit has cautioned that the definition of "intentional" in this context differs from that used in other areas of the law, such as tort law. *Id*. In the default context, "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.'" *TCI*, 244 F.3d at 697.

Here, Plaintiff cannot possibly show that Pounce, S.A. engaged in bad faith. As shown from the colloquy between Plaintiff's counsel and Pounce, S.A.'s CEO (cited above), Pounce, S.A. had a good faith belief that not only was service not effective, but that there may not be jurisdiction because Pounce, S.A. is a Mexican corporation and that it does not operate at all in the United States. (See, Dkt. No. 43-2, pp. 3-4.) Further, given that: (1) the November 2, 2017 attempted service of process on Herrera was not directed to Pounce, S.A.'s principal place of business; (2) that Herrera is a Pounce, Inc. employee--and not employed by Pounce, S.A.; and (3) that Herrera is not an officer, managing agent, general manager or authorized agent able to accept service of process on behalf of either Pounce, Inc. or Pounce, S.A., there was no reason to believe that Pounce, S.A. had been given sufficient service of process by Cadence in this matter. (Yolanda Decl., ¶ 5, 7; Llera Decl. ¶ 3-5.) Accordingly, Pounce, S.A. reasonably believed that it had not been properly served and it therefore did not engage in any culpable conduct.

The lack of culpable conduct by Pounce, S.A. should be viewed in light of Plaintiff's rush to enter a default. As detailed above, Plaintiff gave Pounce S.A.'s Mexican counsel exactly *one day* to respond to its email correspondence before seeking a default. (See, Dkt. No. 43-2.) Plaintiff

was highly determined to seek a default based upon its faulty service. Plaintiff should not be rewarded with a default or default judgment based upon these facts. Obviously, resolution of matters based upon the merits is preferable. See, *Schwab v. Bullock's, Inc*. (9th Cir. 1974) 508 F.2d 353, 355. (Public policy favors deciding cases on their merits, and any doubt should be resolved in favor of setting aside a default.)

### B. There Is No Prejudice To Cadence In Setting Aside The Entry Of Judgment Against Pounce, S.A.

Setting aside the default will not prejudice Cadence. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI,* 244 F.3d at 701. For instance, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*. (quoting *Thompson v. American Home Assur. Co*., 95 F.3d 429, 433-34 (6th Cir. 1996)). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default." *TCI*, 244 F.3d at 701.

Cadence filed its complaint on August 15, 2017, but did not add Pounce, S.A. as a defendant until Cadence filed its FAC on November 1, 2017. It is now early March 2018. A mere time delay does not constitute prejudice. This action is still in the early stages of discovery (no depositions have even taken place) therefore Cadence would not be prejudiced in being able to obtain discovery if the default is set aside.

Additionally, being forced to litigate on the merits is not prejudicial for purposes of lifting a default. *Bateman v. U.S. Postal Serv*., 231 F.3d 1220, 1225 (9th Cir. 2000) (vacating default restores parties to an even footing where plaintiff had received a windfall). And being forced to establish a jurisdictional basis for its claims clearly is not prejudicial. Plaintiff cannot use the default procedures to cure a deficiency in its pleading, namely lack of personal jurisdiction. That Plaintiff may not want to address the issue is not a reason to maintain a default.

///

///

///

### C. The Fact That Pounce, S.A. Is A Foreign Corporation That May Not Be Subject To Personal Jurisdiction And Has Not Been Properly Served Are Meritorious Defenses.

Pounce, S.A. does not need to articulate substantive defenses to the underlying claims for the Court to grant this relief. Where, as in this case, the motion to set aside entry of default is made upon the ground that the defendant has never been served with summons, and that the court therefore did not obtain jurisdiction over the defendant, no affidavit of merits is required. *See Peralta v. Heights Med. Ctr., Inc.*, 485 US 80, 85, 108 S.Ct. 896, 899 (1988) – whether defendant has meritorious defense irrelevant where motion to set aside judgment based on ground that defendant did not receive notice of action. Pounce, S.A. is not, therefore, required to articulate meritorious defenses in order for the Court to grant this relief.

However, Pounce, S.A. can establish a meritorious defense based on the fact that it had not been served and is not subject to the personal jurisdiction of this Court. Cadence cannot establish that this Court had personal jurisdiction over Pounce, S.A. when it entered default against it. Lack of personal jurisdiction over Pounce, S.A. is a meritorious defense sufficient to set aside entry of default as it is well-established that a judgment entered without personal jurisdiction over the parties is void. *Veeck v. Commodity Enterprises, Inc*., supra, at 426. In *Bancroft*, the Ninth Circuit affirmed the lower court's finding that general jurisdiction was lacking because the defendant's "contacts [did] not qualify as either substantial or continuous and systematic." *Bancroft & Masters, Inc. v. August Na'l Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000). Many of the same factors the court identified in *Bancroft* that supported its determination are true for Pounce, S.A. For instance, Pounce, S.A. is not registered or licensed to do business in California. (Yolanda Decl., ¶ 14.) Pounce, S.A. has not paid taxes or maintained bank accounts in California. (Yolanda Decl., ¶ 10, 15.) Likewise, Pounce, S.A. does not have employees or sales persons in California. (Yolanda Decl., ¶ 12, 13.) It also does not have any personal or real property in California. (Yolanda Decl., ¶ 13.) Because Pounce, S.A. was never served, the Court lacks jurisdiction to render a judgment against it. The Court should therefore set aside the entry of default of December 6, 2017 against Pounce, S.A. for want of personal jurisdiction.

## IV.

## **CONCLUSION**

Cadence, having decided not to serve Pounce, S.A. at its principal place of business, failed to serve Pounce, S.A. Since Pounce, S.A. did not receive proper service, the entry of default should be set aside. Having not been served, the Court lacked personal jurisdiction over Pounce, S.A. when it entered default against it. The Court relied upon Cadence's presumably unintentional, false declaration that Pounce, S.A. was served and that it simply waived its presence.

WHEREFORE, Defendant Pounce, S.A. prays as follows:

1. To quash service of process against Pounce, S.A.;
2. To set aside the entry of default against Pounce, S.A. in this action;
3. To dismiss Cadence's Application to Enter Default against Pounce, S.A.;
4. To dismiss this matter with prejudice as to Pounce, S.A.; and
5. For attorney's fees and costs of suit herein incurred.

DATED: March 8, 2018                    PROCOPIO, CORY, HARGREAVES &
                                        SAVITCH LLP


                                        By:  /s/ Frederick K. Taylor
                                             Frederick K. Taylor
                                             Adrian Martinez
                                             Attorneys for Defendant Pounce Consulting,
                                             S.A. de C.V.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 8, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

<div style="text-align:right">

/s/ Frederick K. Taylor
Frederick K. Taylor

</div>