Frederick K. Taylor (Bar No. 159838)
E-mail:fred.taylor@procopio.com
Adrian Martinez (Bar No. 230840)
E-mail:adrian.martinez@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant Pounce Consulting, S.A. de C.V., a
Mexican Sociedad Anónima de Capital Variable

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., *a Delaware Corporation*,<br><br>          Plaintiff,<br><br>v.<br><br>POUNCE CONSULTING, INC., *a California Corporation*, and POUNCE CONSULTING, S.A. de C.V., *a Mexican Sociedad Anónima de Capital Variable*,<br><br>          Defendants. | **Case No. 4:17-CV-04732-PJH**<br><br>DECLARATION OF **FREDERICK K. TAYLOR** IN REPLY TO MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>Date:     Off Calendar<br>Time:<br>Dept.:    Courtroom 3<br><br>Complaint Filed:  August 15, 2017<br>Judge:  Hon. Phyllis J. Hamilton |

I, Frederick K. Taylor, declare as follows:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California and this Court. I am employed as a partner with Procopio, Cory, Hargreaves & Savitch LLP ("Procopio"), the attorneys of record for Defendant Pounce Consulting, S.A. de C.V., a Mexican Sociedad Anónima de Capital Variable ("Defendant").

2.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff Cadence Design Systems, Inc.'s First Set of Interrogatories to Defendant Pounce Consulting, S.A. de C.V.  Cadence propounded its First Set of Interrogatories on Pounce, S.A. on March 9, 2018.  Pounce, S.A.'s has until April 13, 2018 to respond.

3.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff Cadence Design Systems, Inc.'s First Set of Requests for Production of Documents and Things to Defendant Pounce Consulting, S.A. de C.V.  Cadence propounded its First Set of Requests for Documents on Pounce, S.A. on March 9, 2018.  Pounce, S.A. has until April 13, 2018 to respond.

4.      Attached hereto as Exhibit C is a true and correct copy of Plaintiff Cadence Design Systems, Inc.'s Subpoena commanding Seek Thermal, Inc. to testify at a deposition on April 5, 2018 at 9:00 a.m. in Santa Barbara, California.

5.      Attached hereto as Exhibit D is a true and correct copy of Plaintiff Cadence Design Systems, Inc.'s Subpoena commanding Spectrum Brands, Inc. to testify at a deposition on April 5, 2018 at 9:00 a.m. in Middleton, Wisconsin.

6.      Attached hereto as Exhibit E is a true and correct copy of Plaintiff Cadence Design Systems, Inc.'s Subpoena commanding TableSafe, Inc. to testify at a deposition on April 5, 2018 at 9:00 a.m. in Seattle, Washington.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 29TH day of March, 2018, at San Diego, California.


/s/ Frederick K. Taylor
Frederick K. Taylor

1

## **CERTIFICATE OF SERVICE**

2

3
The undersigned hereby certifies that a true and correct copy of the above and foregoing

4
document has been served on March 29, 2018 to all counsel of record who are deemed to have

5
consented to electronic service via the Court's CM/ECF system.

6
/s/ Frederick K. Taylor

7
Frederick K. Taylor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Steve A. Papazian, Bar No. 288097
steve@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Plaintiff Cadence Design Systems, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., *a Delaware Corporation*,<br><br>Plaintiff,<br><br>v.<br><br>POUNCE CONSULTING, INC., *a California Corporation*, and POUNCE CONSULTING, S.A. de C.V., *a Mexican Sociedad Anónima de Capital Variable*.<br><br>Defendants. | Case No. 3:17-cv-04732-PJH<br><br>**PLAINTIFF CADENCE DESIGN SYSTEMS, INC'S FIRST SET OF INTERROGATORIES TO DEFENDANT POUNCE CONSULTING, S.A. de C.V.** |

PLAINTIFF'S FIRST SET OF INTERROGATORIES

1    Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Cadence Design
2  Systems, Inc. hereby requests that Pounce Consulting, S.A. de C.V. ("Defendant" or
3  "Pounce") respond to the following interrogatories within (30) days, by submitting its
4  responses to the offices of Ruttenberg IP Law, A Professional Corporation, 1801
5  Century Park East, Suite 1920, Los Angeles, CA 90067.  Definitions pertaining to
6  these interrogatories follow below.

### INTERROGATORY

8  **INTERROGATORY NO. 1:**

9    Identify all Pounce Computers that contain, or have contained, Cadence
10  Software, including at least the following information for each such Pounce
11  Computer: hostname; MAC address(es); IP address(es); type (e.g., laptop, desktop);
12  brand and model; operating system; and physical location.

13  **INTERROGATORY NO. 2:**

14    For each Pounce Computer identified in response to Interrogatory No. 1,
15  identify the Cadence Software contained thereon and the facts and circumstances
16  surrounding the installation of such Cadence Software, including at least the
17  following information: date of first installation and each successive installation or
18  update thereof; identity of Persons causing Cadence Software to be installed; and the
19  origins of such Cadence Software, including how and from where it was downloaded,
20  copied, or otherwise obtained by You.

21  **INTERROGATORY NO. 3:**

22    Identify all Persons who have used the Pounce Computers identified in
23  response to Interrogatory No. 1, including at least the following information for each
24  Person: full legal name; nickname(s) or other alias(es); address of residence; current
25  and previous job titles and job descriptions; and relation to You. (e.g., officer,
26  director, employee, consultant, contractor, etc.) and the time period(s) for such
27  relation.

28

1 | **INTERROGATORY NO. 4:**

2 | Describe with particularity the relationship and nature of interaction between

3 | Pounce Consulting, Inc. and Pounce Consulting, S.A. de C.V., including without

4 | limitation any overlapping officers, directors, employees or ownership (past or

5 | present), as well as any agreement(s) (written or oral) governing the relationship.

6 | **INTERROGATORY NO. 5:**

7 | Provide the full Internet Protocol ("IP") address range(s) for which You

8 | contract with, or that is provided by, Your internet service provider(s).

9 | **INTERROGATORY NO. 6:**

10 | If You contend You are not liable for copyright infringement, state all facts

11 | you contend support your defense(s).

12 | **INTERROGATORY NO. 7:**

13 | If You contend You are not liable under 17 U.S.C. § 1201, state all facts you

14 | contend support your defense(s).

15 | **INTERROGATORY NO. 8:**

16 | If You contend You are not liable for breach of contract, state all facts you

17 | contend support your defense(s).

18 | **INTERROGATORY NO. 9:**

19 | Identify any and all electronic design automation software utilized by You

20 | (including by any employees or contractors working with or for You) since January

21 | 1, 2012.

22 | **INTERROGATORY NO. 10:**

23 | Describe with particularity all projects or engagements for which Pounce

24 | Consulting, Inc. has "handle[d]," or currently is handling, "some of Pounce

25 | Consulting, S.A. de C.V., [sic] invoicing for its United States clients," as described in

26 | Pounce's December 6, 2017 Response to Plaintiff's Interrogatory No. 4, including

27 | without limitation the identity of all such "United States clients" and a description of

28 |

2

1  the work performed by Pounce Consulting, Inc. and/or Pounce Consulting, S.A. de

2  C.V.

3  **DEFINITIONS**

4       The following definitions apply to each of the requests above.

5       1.      The terms "You" or "Your" refer to Defendant Pounce Consulting, S.A.

6  de C.V., Pounce Consulting, Inc., Pounce Corporation, and any past or present

7  officer, director, employee, attorney, agent, consultant, contractor, parent, subsidiary,

8  division, affiliate, joint venture, partnership, or other related entity or Person of

9  Defendant Pounce Consulting, Inc., Pounce Consulting S.A. de C.V., or Pounce

10  Corporation.

11      2.      The term "Cadence Software" means any software, or portion thereof,

12  made by or for Cadence Design Systems, Inc., including any software made to

13  function or interface with software made by or for Cadence Design Systems, Inc. and

14  any such software that has been modified or "cracked" in any way.  By way of

15  example only, Cadence Software includes, but is not limited to, the following

16  products and each component part thereof: Design Entry Capture, Design Entry

17  Capture CIS, OrCad Caputre, OrCAD Caputre CIS, Allegro AMS Simulator, Allegro

18  PSpice, and Allegro PCB Designer.

19      3.      The terms "Pounce Computers" or "Pounce Computers" refer to any

20  computers used or operated by You and any computers presently or previously

21  connected to any computer network that is owned, operated, managed, or otherwise

22  associated with You.  Furthermore, "Pounce Computers" also means any computer

23  having any of the following hostnames: "a202883," "a202883-pc," "a215379,"

24  "a270737," "a357709," "a375768," "a556509," "a656031," "a676119," "a676119_,"

25  "a718981," "a779021," "a786497-pe," "a852232," "a884211," "a923868,"

26  "a975203," "angeles-pc," "electronicsii," "electronics-pc," "embedded2," "nicolas-

27  i7pc," "pounce-59fdb41d," "pounce-pc," "usuario-pe," or "vnavarro."  Furthermore,

28  "Pounce Computers" also means any computer having any of the following MAC

3

PLAINTIFF'S FIRST SET OF INTERROGATORIES

1   addresses: "705ab6bdb70d," "000ffe50e3b0," "001111e50e88," "0013f7a790f8,"

2   "00212f3b8d70," "00266c78ed9c," "0026b6f1f74f," "00270e0cd63f,"

3   "005056c00001[i][V]," "005056c00008[i][V]," "00ff75f2afd5[I],"

4   "00ff75f2afd5[i][I]," "00ff8a5abc17[i][I]," "00ffac322452," "00ffac322452[I],"

5   "00ffac322452[i][I]," "00fff0fca154[I]," "00fff0fca154[i][I],"

6   "08002700705e[i][V]," "08002700705e[V]," "08002700ac93[i][V],"

7   "1078d2245fe0," "1078d2247568," "1078d22488e4," "1078d2248994,"

8   "1078d22489ca," "1078d28017d8," "1078d2803f47," "24b6fd1ef452,"

9   "4487fcefcf65," "4cbb581aaa80," "4ceb42057a9e," "4ceb42057a9f,"

10   "9c4e3664d924," "9c4e3664d925," "b888e31956ac," "b8aeed39a025,"

11   "b8aeed39cc78," "d0df9a1333d4," "d0df9a137e34," "e89a8f4aeea6,"

12   "eca86b72a27c," "f0761c919183," or "f2df9a1333d4[l][L]."

13       4.      The term "Complaint" refers to the Complaint, and any amendments or

14   supplements, filed in the United States District Court for the Northern District of

15   California, Case No. 3:17-cv-04732-PJH.

16       5.      The term "This Litigation" means the case styled *Cadence Design*

17   *Systems, Inc. v. Pulse Consulting, Inc.*, Case No. 3:17-cv-04732-PJH in the U.S.

18   District Court for the Northern District of California.

19       6.      The terms "document" or "documents" mean the original of (in absence

20   of the original, then a copy thereof) and all file copies and copies not identical to the

21   original of any writing or record of every type, form or description that is in YOUR

22   possession, custody or control, or which no longer is in YOUR possession but of

23   which YOU still have knowledge, whether or not said writings or records are claimed

24   to be privileged or otherwise immune from discovery, including the following items:

25   notes, correspondence, communications of any nature, telegrams, e-mail messages,

26   cables, memoranda, notebooks of any nature, summaries or records of telephone

27   conversations or personal interviews, diaries, routing slips or memoranda, reports

28   (including tests and analysis reports), publications, invoices, specifications, shipping

4

1  papers, purchase orders, shop instrument outputs, plans, patterns, drawings,

2  photographs of any nature, including photomicrographs, whether by scanning

3  electron microscope or any other means, artist drawings, sketches, blueprints,

4  minutes or records of meetings, transcripts, oral testimony or statements, reports

5  and/or summaries of interviews, reports and/or summaries of investigations, opinions

6  or reports of consultants, forecasts, reports of trademark and/or patent searches,

7  trademark and/or patent appraisals, opinions of counsel, agreements and contracts

8  (including all modifications or revisions thereof), reports and/or summaries of

9  negotiations, court papers, labels, tags, plaques, flyers, countercards, brochures,

10  pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases,

11  and translations, whether said writings or records are on paper, magnetic tape,

12  microfilm, fiche or any other storage or recording medium.

13       7.     The terms "document" or "documents" also include any documents

14  which did exist, but as to the date of response of production have been destroyed,

15  lost, misplaced or is otherwise unavailable.  For any such document, the response

16  must identify the document by date, subject matter, author, addressee, and persons to

17  whom the document was distributed, must state whether the document was lost,

18  destroyed or misplaced; and must state the name and address of the person who last

19  had custody of or knowledge of the existence of the document.

20       8.     The terms "relating to," "related to," "regarding," and "concerning,"

21  shall mean, without limitation, constituting, comprising, describing, explaining,

22  summarizing, being logically connected to, being chronologically connected to, or

23  mentioning, whether directly or indirectly.

24       9.     The term "Person" means any individual, firm, partnership, corporation,

25  association, or any other organization or entity.

26       10.    The term "date" means the exact date, month and year or, if not

27  ascertainable, the best approximation thereof.

28

11.    The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of such scope.

12.    The term "each" shall include the word "every," and "every" shall include the word "each."

13.    The term "any" shall include the word "all," and "all" shall include the word "any."

14.    The terms "includes," "including," or "such as" shall be used nonexclusively (i.e. to mean "including without limitation . . ." or "including, but not limited to . . .").

15.    The use of the singular form of any word includes the plural and vice versa.

16.    The present tense includes the past and future tenses.

17.    Words in the masculine, feminine or neutral form shall include each of the other genders.

### INSTRUCTIONS

A.    If you claim that any information requested is privileged, please provide all information falling within the scope of the interrogatory which is not privileged, and identify, with sufficient particularity, the basis on which the privilege is claimed.

B.    Your responses to the interrogatories are to be promptly supplemented to include subsequently acquired information, in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

C.    All requests contained in the interrogatories to identify a document or thing are requested to be answered by providing a complete and accurate description sufficient for a request for production of documents and things, based only upon the description provided, including the following information:

(a)    A brief description of the subject matter, if a document;

(b)    The date on which the document was first prepared or received;

6

1    (c)    Identification of the person who prepared the document or thing;

2    (d)    Identification of the person or persons who received the document
3           or thing;

4    (e)    Identification of the person or persons who presently have custody
5           of the document or thing;

6    (f)    In the case of correspondence, the individuals who are the
7           addresser and the addressee;

8    (g)    If a publication, the title, date of publication, author, specific page
9           numbers and the publisher.

10   D.    All requests contained in the interrogatories to identify a person, whether
11   a natural person or organization, are to be answered by providing sufficient
12   information to enable the undersigned to contact the person by telephone, by mail and
13   to serve legal documents on the person, including that person's full name, title (if
14   any), address and telephone number.

15   E.    Whenever you are asked to describe an event or a chain of events,
16   please:

17   (a)    State the date or dates of each occurrence relevant to the event;

18   (b)    Identify all individuals having knowledge of any occurrence or
19          aspect of the event, including but not limited to those involved in
20          witnessing, supervising, controlling, supporting, requesting, or
21          otherwise participating in the event;

22   (c)    Describe the role and contribution of each person identified;

23   (d)    Describe all related events, and all previous or subsequent related
24          attempts, whether or not completed and whether or not successful;
25          and

26   (e)    Describe the motivation and causation for the event.

27

28

7

1       F.     With respect to any interrogatory that calls for the identification of a

2   document to which you claim a privilege or other protection, please provide a

3   statement, signed by one of your attorneys, setting forth as to each such document:

4           (a)    The name(s) of the sender(s) of the document;

5           (b)    The name(s) of the author(s) of the document;

6           (c)    The name(s) of the person(s) to whom the original or copies were

7               sent;

8           (d)    The date of the document;

9           (e)    The date on which the document was received by those having

10              possession of the document;

11          (f)    The asserted basis upon which you believe the privilege or other

12              protection applies; and

13      G.     A summary of the contents of the document without disclosing the

14  matter that you claim is privileged or otherwise protected.

15

16  DATED:  March 9, 2018     By:       */s/ Guy Ruttenberg*

17                                  Guy Ruttenberg

18                                  RUTTENBERG IP LAW, A
                                    PROFESSIONAL CORPORATION

19                                  1801 Century Park East, Suite 1920
                                    Los Angeles, CA 90067

20                                  Telephone: (310) 627-2270
                                    Facsimile: (310) 627-2260

21                                  guy@ruttenbergiplaw.com
                                    *Attorney for Plaintiff*

22

23

24

25

26

27

28

PLAINTIFF'S FIRST SET OF INTERROGATORIES

**CERTIFICATE OF SERVICE**

1

2       I certify that I caused to be served counsel of record on March 14, 2018, with

3   PLAINTIFF CADENCE DESIGN SYSTEMS, INC'S FIRST SET OF

4   INTERROGATORIES TO DEFENDANT POUNCE CONSULTING, S.A. de C.V.

5   via personal service to the address indicated below.

6       Executed on March 14, 2018 in Los Angeles, California.

7

8                                     By:      /s/ Steve A. Papazian
                                              _____
9                                              STEVE A. PAPAZIAN

10

11
    Frederick K. Taylor
12  fred.taylor@procopio.com
    Procopio, Cory, Hargreaves & Savitch LLP
13  525 B Street, Suite 2200
14  San Diego, CA 92101

15
    *Attorney for Defendant Pounce Consulting, S.A. de C.V.*
16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

# EXHIBIT B

Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Steve A. Papazian, Bar No. 288097
steve@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

Attorneys for Plaintiff Cadence Design Systems, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., *a Delaware Corporation*, <br><br> Plaintiff, <br><br> v. <br><br> POUNCE CONSULTING, INC., *a California Corporation*, and POUNCE CONSULTING, S.A. de C.V., *a Mexican Sociedad Anónima de Capital Variable*. <br><br> Defendants. | Case No. 3:17-cv-04732-PJH <br><br> **PLAINTIFF CADENCE DESIGN SYSTEMS, INC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT POUNCE CONSULTING, S.A. de C.V.** |

1    Plaintiff Cadence Design Systems, Inc. ("Plaintiffs") submits the following
2  requests for production pursuant to Rules 26 and 34 of the Federal Rules of Civil
3  Procedure to Pounce Consulting, S.A. de C.V. ("Defendant" or "Pounce") to produce
4  for inspection and copying the documents and other tangible things requested within
5  (30) days at the offices of Ruttenberg IP Law, A Professional Corporation, 1801
6  Century Park East, Suite 1920, Los Angeles, CA 90067.  Definitions and Instructions
7  pertaining to these requests follow below.

8                                    **REQUESTS FOR PRODUCTION**
9  **REQUEST FOR PRODUCTION NO. 1:**

10    Representative corporate organization charts of Pounce Consulting, Inc.,
11  including parents, subsidiaries, affiliates, divisions, wholly-owned business entities,
12  predecessors or successors, sufficient to show: (a) the general organization of Pounce
13  Consulting, Inc., and each parent, subsidiary, affiliate, division, wholly-owned
14  business entity, predecessor or successor; (b) the names, addresses and telephone
15  numbers of each past and present corporate officer and director of Pounce
16  Consulting, Inc., and each subparent, subsidiary, affiliate, division, wholly-owned
17  business entity, predecessor, or successor.

18  **REQUEST FOR PRODUCTION NO. 2:**

19    Representative corporate organization charts of Pounce Consulting, S.A. de
20  C.V., including parents, subsidiaries, affiliates, divisions, wholly-owned business
21  entities, predecessors or successors, sufficient to show: (a) the general organization of
22  Pounce Consulting, S.A. de C.V., and each parent, subsidiary, affiliate, division,
23  wholly-owned business entity, predecessor or successor; (b) the names, addresses and
24  telephone numbers of each past and present corporate officer and director of Pounce
25  Consulting, S.A. de C.V., and each subparent, subsidiary, affiliate, division, wholly-
26  owned business entity, predecessor, or successor.

27

28

1

1  **REQUEST FOR PRODUCTION NO. 3:**

2     All agreements and contracts between Pounce Consulting, Inc. and Pounce

3  Consulting, S.A. de C.V.

4  **REQUEST FOR PRODUCTION NO. 4:**

5     Documents sufficient to show any and all relationships between Pounce

6  Consulting, Inc. and Pounce Consulting, S.A. de C.V.

7  **REQUEST FOR PRODUCTION NO. 5:**

8     All agreements and contracts between You and Cadence Design Systems, Inc.

9  **REQUEST FOR PRODUCTION NO. 6:**

10     All communications between You or Your representatives and Plaintiff or any

11  of its representatives.

12  **REQUEST FOR PRODUCTION NO. 7:**

13     All documents responding to or addressing the subject matter of Michael

14  Gartland's September 3, 2014 letter to Roger Viera and related correspondence.

15  **REQUEST FOR PRODUCTION NO. 8:**

16     All documents responding to or addressing the subject matter of Michael

17  Gartland's January 28, 2014 correspondence to Roger Viera and related

18  correspondence.

19  **REQUEST FOR PRODUCTION NO. 9:**

20     All documents relating to or confirming the "detect[ion of] the presence of a

21  non conformance cadence sw in Pounce equipment," as set forth in the February 2,

22  2016 email of Mauricio Gomez (attached hereto as Exhibit A).

23  **REQUEST FOR PRODUCTION NO. 10:**

24     Documents sufficient to show any investigation by You concerning the

25  "presence of a non conformance cadence sw in Pounce equipment," as set forth in the

26  February 2, 2016 email of Mauricio Gomez (attached hereto as Exhibit A), including

27  any investigation at other times.

28

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 11:**

All documents related to Vinod Moza's February 4, 2016 correspondence to Roger Viera, Mauricio Gomez, and Sara Cardona, and related correspondence.

**REQUEST FOR PRODUCTION NO. 12:**

All documents related to Diana Torres' May 3, 2016 correspondence to Roger Viera, Mauricio Gomez, and Sara Cardona, and related correspondence.

**REQUEST FOR PRODUCTION NO. 13:**

All communications, whether internal or external, concerning the use of or potential benefits or drawbacks of using Cadence Software.

**REQUEST FOR PRODUCTION NO. 14:**

All analyses or evaluations of Cadence Software.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show all software programs stored on any Pounce Computers that can be used to modify Cadence Software.

**REQUEST FOR PRODUCTION NO. 16:**

All correspondence, analysis or other documents relating to the allegations set forth in the First Amended Complaint, including documents pre-dating the First Amended Complaint that relate to Plaintiff's pre-suit allegations.

**REQUEST FOR PRODUCTION NO. 17:**

All documents that You intend to rely upon in connection with any deposition, hearing, trial, brief, expert report or other submission or proceeding in this action.

**REQUEST FOR PRODUCTION NO. 18:**

All employment solicitations or job postings since January 1, 2012 that refer to any Cadence Software or familiarity with Cadence Software.

**REQUEST FOR PRODUCTION NO. 19:**

All pitches and request for proposals by You that refer to or promote Your ability to use Cadence Software.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 20:**

Any work product created by You utilizing Cadence Software.

**REQUEST FOR PRODUCTION NO. 21:**

Any brochures or promotional materials in which any familiarity with Cadence Software is referred to or promoted.

**REQUEST FOR PRODUCTION NO. 22:**

Any internal policies governing the use of Cadence Software.

**REQUEST FOR PRODUCTION NO. 23:**

Any counterfeit license files or other instruments used to circumvent the license mechanism protecting the Cadence Software.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all licenses or other agreements relating to the software identified in response to Plaintiff's Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show the terms of license(s) for any software identified in response to Plaintiff's Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 26:**

All invoices related to Pounce Consulting S.A. de C.V.'s clients in the United States.

**REQUEST FOR PRODUCTION NO. 27:**

All documents relating to or memorializing any agreement between or among "Pounce Consulting, Inc." and "Pounce Consulting S.A. de C.V.," whereby "Pounce Consulting, Inc. hires professionals through Pounce Consulting S.A. de C.V. and sells their services in the United States," as described in Pounce's December 6, 2017 Response to Plaintiff's Interrogatory No. 4.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to show all financial transactions, including without limitation any invoices, bills, and payments, for "Pounce Consulting, Inc. hir[ing]

4

1  professionals through Pounce Consulting S.A. de C.V. and sell[ing] their services in

2  the United States," as described in Pounce's December 6, 2017 Response to

3  Plaintiff's Interrogatory No. 4.

4  **REQUEST FOR PRODUCTION NO. 29:**

5     Documents sufficient to identify all "professionals" hired through the

6  arrangement whereby "Pounce Consulting, Inc. hires professionals through Pounce

7  Consulting S.A. de C.V." as described in Pounce's December 6, 2017 Response to

8  Plaintiff's Interrogatory No. 4.

9  **REQUEST FOR PRODUCTION NO. 30:**

10    All employment agreements, independent contractor agreements, or other

11 documents relating to or memorializing any agreement with any "professionals" or

12 other Person(s) that were allegedly "hire[d] . . . through Pounce Consulting S.A. de

13 C.V.," as described in Pounce's December 6, 2017 Response to Plaintiff's

14 Interrogatory No. 4.

15 **REQUEST FOR PRODUCTION NO. 31:**

16    Documents sufficient to identify all Persons to whom "Pounce Consulting,

17 Inc." sold the services of "Pounce Consulting S.A. de C.V. . . . in the United States,"

18 as described in Pounce's December 6, 2017 Response to Plaintiff's Interrogatory No.

19 4.

20 **REQUEST FOR PRODUCTION NO. 32:**

21    All agreements or other documents relating to or memorializing any agreement

22 where "Pounce Consulting, Inc. . . . sells [Pounce Consulting S.A. de C.V.'s] services

23 in the United States," as described in Pounce's December 6, 2017 Response to

24 Plaintiff's Interrogatory No. 4.

25 **REQUEST FOR PRODUCTION NO. 33:**

26    Documents sufficient to identify all "United States clients" for whom "Pounce

27 Consulting, Inc. . . . handles some of Pounce Consulting, S.A. de C.V., invoicing," as

28 described in Pounce's December 6, 2017 Response to Plaintiff's Interrogatory No. 4.

1 | **REQUEST FOR PRODUCTION NO. 34:**

2 |     A copy of all "invoices" that are "handled" by "Pounce Consulting, Inc." for

3 | "Pounce Consulting, S.A. de C.V. . . . for its United States clients," as described in

4 | Pounce's December 6, 2017 Response to Plaintiff's Interrogatory No. 4.

5 | **REQUEST FOR PRODUCTION NO. 35:**

6 |     A copy of any agreements or documents relating to or memorializing any

7 | agreements between Pounce Consulting, Inc., and Pounce Consulting, S.A. de C.V.

8 | for "shar[ing] the same Internet domain," as described in Pounce's December 6, 2017

9 | Response to Plaintiff's Interrogatory No. 4.

10 | **REQUEST FOR PRODUCTION NO. 36:**

11 |     A copy of all registration documents, bills or invoices for the "share[d] . . .

12 | Internet domain" described in Pounce's December 6, 2017 Response to Plaintiff's

13 | Interrogatory No. 4.

14 | **REQUEST FOR PRODUCTION NO. 37:**

15 |     All documents relating to or memorializing any agreement between or among

16 | "Pounce Consulting, Inc." and "Pounce Consulting S.A. de C.V.," whereby "Pounce

17 | Consulting, Inc., sometimes receives shipments for Pounce Mexico at its office in the

18 | United States and then forwards that shipment to Pounce Mexico, which reimburses

19 | Pounce Consulting, Inc., for the shipping cost," as described in Pounce's December

20 | 6, 2017 Response to Plaintiff's Interrogatory No. 4.

21 | **REQUEST FOR PRODUCTION NO. 38:**

22 |     All packing slips, shipping invoices or other documents showing any and all

23 | "shipments for Pounce Mexico" received by "Pounce Consulting, Inc." as described

24 | in Pounce's December 6, 2017 Response to Plaintiff's Interrogatory No. 4.

25 | **REQUEST FOR PRODUCTION NO. 39:**

26 |     All packing slips, shipping invoices or other documents showing any and all

27 | "forward[ing of] . . . shipment[s] to Pounce Mexico," as described in Pounce's

28 | December 6, 2017 Response to Plaintiff's Interrogatory No. 4.

1 **REQUEST FOR PRODUCTION NO. 40:**

2     Documents sufficient to show all "reimbursements" from "Pounce Mexico" to

3 "Pounce Consulting, Inc." for forwarding shipments, as described in Pounce's

4 December 6, 2017 Response to Plaintiff's Interrogatory No. 4.

5 **REQUEST FOR PRODUCTION NO. 41:**

6     All agreements between or among Roger Viera and any of Pounce Consulting,

7 S.A. de C.V. and/or Pounce Consulting, Inc. and/or Pounce Mexico.

8 **REQUEST FOR PRODUCTION NO. 42:**

9     All employment agreements or other documents sufficient to memorialize any

10 agreement for Juan Llera's employment with Pounce Consulting, S.A. de C.V.,  as

11 described in Pounce's December 6, 2017 Response to Plaintiff's Interrogatory No. 4.

12 **REQUEST FOR PRODUCTION NO. 43:**

13     All employment agreements or other documents sufficient to memorialize any

14 agreement for Juan Llera's employment with Pounce Consulting, Inc,  as described in

15 Pounce's December 6, 2017 Response to Plaintiff's Interrogatory No. 4.

16 **REQUEST FOR PRODUCTION NO. 44:**

17     All agreements or other documents memorializing Juan Llera's independent

18 contractor relationship with Pounce Consulting, S.A. de C.V.,  as described in

19 Pounce's December 6, 2017 Response to Plaintiff's Interrogatory No. 4.

20 **REQUEST FOR PRODUCTION NO. 45:**

21     All agreements between or among Juan Llera and any of Pounce Consulting,

22 S.A. de C.V. and/or Pounce Consulting, Inc. and/or Pounce Mexico.

23 **REQUEST FOR PRODUCTION NO. 46:**

24     A copy of all contracts, registration papers, and invoices for the AT&T

25 services described in Pounce's December 6, 2017 Response to Plaintiff's

26 Interrogatory No. 4.

27

28

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 47:**

All written instruments or agreements that memorialize or implement the stock or equity transfers referred to in Pounce's December 6, 2017 Response to Plaintiff's Interrogatory No. 4.

**REQUEST FOR PRODUCTION NO. 48:**

All written instruments or agreements that memorialize or implement the transactions referenced in PUSA000006.

**REQUEST FOR PRODUCTION NO. 49:**

All prior versions of the document produced as PUSA000006.

**REQUEST FOR PRODUCTION NO. 50:**

All postings by Pounce Consulting, Inc. or Pounce Consulting, S.A. de C.V. that reference Cadence Software.

**REQUEST FOR PRODUCTION NO. 51:**

All communications related to job postings that reference Cadence Software.

**REQUEST FOR PRODUCTION NO. 52:**

All communications between Juan Llera and Roger Viera from August 15, 2017 to present.

**REQUEST FOR PRODUCTION NO. 53:**

All communications between Pounce Consulting, Inc. or its representatives and Pounce Consulting, S.A. de C.V. or its representatives related to this lawsuit or Plaintiff's allegations in its First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show all assets or property in which both Pounce Consulting, S.A. de C.V. and Pounce Consulting, Inc. have an ownership interest, including without limitation all such bank accounts.

1  **REQUEST FOR PRODUCTION NO. 55:**

2     Documents sufficient to show all assets or property in which both Roger Viera

3  and Pounce Consulting, Inc. have an ownership interest, including without limitation

4  all such bank accounts.

5  **REQUEST FOR PRODUCTION NO. 56:**

6     Documents sufficient to show all Persons who have access to Your bank

7  accounts anywhere in the world.

8  **REQUEST FOR PRODUCTION NO. 57:**

9     Documents sufficient to show all Persons who have made deposits,

10  withdrawals, or transfers to or from Your bank accounts anywhere in the world.

11  **REQUEST FOR PRODUCTION NO. 58:**

12     Documents sufficient to show all legal entities that contractually employ the

13  Persons identified in Request Nos. 56-57, as well as all legal entities for whom those

14  Persons perform services.

15  **REQUEST FOR PRODUCTION NO. 59:**

16     Documents sufficient to show the capitalization of Defendant Pounce

17  Consulting, S.A. de C.V. from January 1, 2013 to present.

18  **REQUEST FOR PRODUCTION NO. 60:**

19     Documents sufficient to show the capitalization of Defendant Pounce

20  Consulting, Inc. from January 1, 2013 to present.

21  **REQUEST FOR PRODUCTION NO. 61:**

22     Minutes or other documents memorializing all Your board meetings from

23  January 1, 2013 to present.

24  **REQUEST FOR PRODUCTION NO. 62:**

25     Documents sufficient to show all property or offices leased, owned, or

26  occupied by You and the corporate entities with representatives therein.

27

28

<center>9</center>

1  **REQUEST FOR PRODUCTION NO. 63:**

2       Documents sufficient to show all transfers of assets (including without

3  limitation stock or other equity) between Defendants.

4  **REQUEST FOR PRODUCTION NO. 64:**

5       Documents sufficient to show the ownership structure of Pounce Capital LLC.

6  **REQUEST FOR PRODUCTION NO. 65:**

7       Documents sufficient to show the corporate relationship between Pounce

8  Capital LLC and Defendants.

9  **REQUEST FOR PRODUCTION NO. 66:**

10      Documents sufficient to show the management structure of Pounce Capital

11  LLC.

12  **REQUEST FOR PRODUCTION NO. 67:**

13      Documents sufficient to show all funds or assets transferred between Pounce

14  Capital LLC and Pounce Consulting, Inc.

15  **REQUEST FOR PRODUCTION NO. 68:**

16      Documents sufficient to show all funds or assets transferred between Pounce

17  Capital LLC and Pounce Consulting, S.A. de C.V.

18  **REQUEST FOR PRODUCTION NO. 69:**

19      Documents sufficient to show all funds or assets transferred between Pounce

20  Capital LLC and Roger Viera.

21  **REQUEST FOR PRODUCTION NO. 70:**

22      Documents sufficient to show all funds or assets transferred between Pounce

23  Capital LLC and Juan Llera.

24  **REQUEST FOR PRODUCTION NO. 71:**

25      Documents sufficient to show all funds or assets transferred between Pounce

26  Capital LLC and Mauricio Gomez.

27

28

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

1    **REQUEST FOR PRODUCTION NO. 72:**

2        Documents sufficient to show all funds or assets transferred between Pounce

3    Capital LLC and Hector Ortiz.

4                              **DEFINITIONS**

5        The following definitions apply to each of the requests above.

6        1.    The terms "You" or "Your" refer to Defendant Pounce Consulting, S.A.

7    de C.V., Pounce Consulting, Inc., Pounce Corporation, and any past or present

8    officer, director, employee, attorney, agent, consultant, contractor, parent, subsidiary,

9    division, affiliate, joint venture, partnership, or other related entity or Person of

10   Defendant Pounce Consulting, Inc., Pounce Consulting S.A. de C.V., or Pounce

11   Corporation.

12       2.    The term "Cadence Software" means any software, or portion thereof,

13   made by or for Cadence Design Systems, Inc., including any software made to

14   function or interface with software made by or for Cadence Design Systems, Inc. and

15   any such software that has been modified or "cracked" in any way.  By way of

16   example only, Cadence Software includes, but is not limited to, the following

17   products and each component part thereof: Design Entry Capture, Design Entry

18   Capture CIS, OrCad Caputre, OrCAD Caputre CIS, Allegro AMS Simulator, Allegro

19   PSpice, and Allegro PCB Designer.

20       3.    The terms "Pounce Computers" or "Pounce Computers" refer to any

21   computers used or operated by You and any computers presently or previously

22   connected to any computer network that is owned, operated, managed, or otherwise

23   associated with You.  Furthermore, "Pounce Computers" also means any computer

24   having any of the following hostnames: "a202883," "a202883-pc," "a215379,"

25   "a270737," "a357709," "a375768," "a556509," "a656031," "a676119," "a676119_,"

26   "a718981," "a779021," "a786497-pe," "a852232," "a884211," "a923868,"

27   "a975203," "angeles-pc," "electronicsii," "electronics-pc," "embedded2," "nicolas-

28   i7pc," "pounce-59fdb41d," "pounce-pc," "usuario-pe," or "vnavarro."  Furthermore,

                                           11

1  "Pounce Computers" also means any computer having any of the following MAC

2  addresses: "705ab6bdb70d," "000ffe50e3b0," "001111e50e88," "0013f7a790f8,"

3  "00212f3b8d70," "00266c78ed9c," "0026b6f1f74f," "00270e0cd63f,"

4  "005056c00001[i][V]," "005056c00008[i][V]," "00ff75f2afd5[I],"

5  "00ff75f2afd5[i][I]," "00ff8a5abc17[i][I]," "00ffac322452," "00ffac322452[I],"

6  "00ffac322452[i][I]," "00fff0fca154[I]," "00fff0fca154[i][I],"

7  "08002700705e[i][V]," "08002700705e[V]," "08002700ac93[i][V],"

8  "1078d2245fe0," "1078d2247568," "1078d22488e4," "1078d2248994,"

9  "1078d22489ca," "1078d28017d8," "1078d2803f47," "24b6fd1ef452,"

10  "4487fcefcf65," "4cbb581aaa80," "4ceb42057a9e," "4ceb42057a9f,"

11  "9c4e3664d924," "9c4e3664d925," "b888e31956ac," "b8aeed39a025,"

12  "b8aeed39cc78," "d0df9a1333d4," "d0df9a137e34," "e89a8f4aeea6,"

13  "eca86b72a27c," "f0761c919183," or "f2df9a1333d4[l][L]."

14      4.    The term "Complaint" refers to the Complaint, and any amendments or

15  supplements, filed in the United States District Court for the Northern District of

16  California, Case No. 3:17-cv-04732-PJH.

17      5.    The term "This Litigation" means the case styled *Cadence Design*

18  *Systems, Inc. v. Pulse Consulting, Inc.*, Case No. 3:17-cv-04732-PJH in the U.S.

19  District Court for the Northern District of California.

20      6.    The terms "document" or "documents" mean the original of (in absence

21  of the original, then a copy thereof) and all file copies and copies not identical to the

22  original of any writing or record of every type, form or description that is in YOUR

23  possession, custody or control, or which no longer is in YOUR possession but of

24  which YOU still have knowledge, whether or not said writings or records are claimed

25  to be privileged or otherwise immune from discovery, including the following items:

26  notes, correspondence, communications of any nature, telegrams, e-mail messages,

27  cables, memoranda, notebooks of any nature, summaries or records of telephone

28  conversations or personal interviews, diaries, routing slips or memoranda, reports

12

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

1  (including tests and analysis reports), publications, invoices, specifications, shipping

2  papers, purchase orders, shop instrument outputs, plans, patterns, drawings,

3  photographs of any nature, including photomicrographs, whether by scanning

4  electron microscope or any other means, artist drawings, sketches, blueprints,

5  minutes or records of meetings, transcripts, oral testimony or statements, reports

6  and/or summaries of interviews, reports and/or summaries of investigations, opinions

7  or reports of consultants, forecasts, reports of trademark and/or patent searches,

8  trademark and/or patent appraisals, opinions of counsel, agreements and contracts

9  (including all modifications or revisions thereof), reports and/or summaries of

10 negotiations, court papers, labels, tags, plaques, flyers, countercards, brochures,

11 pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases,

12 and translations, whether said writings or records are on paper, magnetic tape,

13 microfilm, fiche or any other storage or recording medium.

14      7.    The terms "document" or "documents" also include any documents

15 which did exist, but as to the date of response of production have been destroyed,

16 lost, misplaced or is otherwise unavailable.  For any such document, the response

17 must identify the document by date, subject matter, author, addressee, and persons to

18 whom the document was distributed, must state whether the document was lost,

19 destroyed or misplaced; and must state the name and address of the person who last

20 had custody of or knowledge of the existence of the document.

21      8.    The terms "relating to," "related to," "regarding," and "concerning,"

22 shall mean, without limitation, constituting, comprising, describing, explaining,

23 summarizing, being logically connected to, being chronologically connected to, or

24 mentioning, whether directly or indirectly.

25      9.    The term "Person" means any individual, firm, partnership, corporation,

26 association, or any other organization or entity.

27      10.    The term "date" means the exact date, month and year or, if not

28 ascertainable, the best approximation thereof.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

11.   The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of such scope.

12.   The term "each" shall include the word "every," and "every" shall include the word "each."

13.   The term "any" shall include the word "all," and "all" shall include the word "any."

14.   The terms "includes," "including," or "such as" shall be used nonexclusively (i.e. to mean "including without limitation . . ." or "including, but not limited to . . .").

15.   The use of the singular form of any word includes the plural and vice versa.

16.   The present tense includes the past and future tenses.

17.   Words in the masculine, feminine or neutral form shall include each of the other genders.

## **INSTRUCTIONS**

A.   You are requested to produce all documents that are in your possession, custody or control in the form and in the same order (within each file) in which they are located prior to production.  The file folders, boxes, binders or other containers in which such documents are found should in also be produced intact, including the title, labels or other description of each such folder, box, binder or container.

B.   All documents shall be produced that are responsive to any part, clause or sentence of these requests for production.

C.   Produce the documents in a form that renders the documents susceptible to copying either by photocopy or some other readily available means.

D.   Any electronically stored information must be produced in a coherent and understandable format together with a description of the system from which it was derived so that it may be converted to a coherent and understandable format.

14

1     E.    In the event that any document responsive to these requests for

2  production has been destroyed or discarded, the document is to be identified by

3  stating:

4              (a)    the nature of the document;

5              (b)    the names of any addressor or address;

6              (c)    if there any indicated or blind copies;

7              (d)    the document's date, subject matter, number of pages, and

8                    attachments or appendices;

9              (e)    all PERSONS to whom the document was distributed, shown, or

10                  explained;

11             (f)    the document's date of destruction or discard, manner of

12                  destruction or discard; and

13             (g)    the PERSON authorizing or carrying out such destruction or

14                  discard.

15     F.    If any document responsive to this request for production is withheld

16  from production either in whole or in part on the grounds of privilege or any other

17  rule of law allegedly protecting the document from disclosure, specify the following

18  with respect to each such document or portion thereof:

19              (a)    the privilege or rule of law relied upon to withhold the document;

20              (b)    the date of the document;

21               (c)    the nature of the document (e.g. letter, memorandum, report,

22                  transcript of oral conversation, etc.);

23              (d)    the author(s) of the document and his/her/their relationship to you

24                  at the time of the document's creation;

25              (e)    the recipient(s) of the document and his/her/their relationship to

26                  you at the time of the document's receipt.

27             (f)    the general subject matter of the document; and

28             (g)    each PERSON or custodian now in possession of the document.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

1    G.    Any requested document which you object to furnishing which

2    nevertheless contains non-objectionable information responsive to one of these

3    requests for production must be produced.  The portion of the document for which

4    your objection is asserted may be withheld provided that the above-requested

5    information is furnished.

6    H.    If you object that a term or phrase is vague, ambiguous or indefinite,

7    then provide your understanding of the term or phrase and respond accordingly.

8    These requests for production are continuing in nature and in the event you

9    become aware of or acquire additional information and/or documents responsive to

10   these requests for production, such additional documents and/or information are to be

11   produced promptly.  *See* Fed. R. Civ. P. 26(e).

12

13   DATED:  March 9, 2018          By:    _____/s/ Guy Ruttenberg_____

14                                         Guy Ruttenberg
                                           RUTTENBERG IP LAW, A
15                                         PROFESSIONAL CORPORATION
                                           1801 Century Park East, Suite 1920
16                                         Los Angeles, CA 90067
                                           Telephone: (310) 627-2270
17                                         Facsimile: (310) 627-2260
                                           guy@ruttenbergiplaw.com
18                                         *Attorney for Plaintiff*

19

20

21

22

23

24

25

26

27

28

---

16

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

# EXHIBIT

# A

| From: | mikeg@ema-eda.com |
|---|---|
| Sent: | Wednesday, February 3, 2016 7:20 AM |
| To: | Mauricio Gomez; Eric Ubiera |
| Cc: | Sara Cardona; Roger Viera; Vinod Moza |
| Subject: | RE: Infringement of Cadence Design Systems licenses at Pounce Consulting |
| Attachments: | Possible Cadence OrCAD/Allegro license infringement at Pounce Consulting |

| Importance: | High |
|---|---|

Mauricio – I was the one who informed Pounce two years ago of *'the presence of non-conformance cadence sw'* – notification email attached.  Pounce showed no cooperation or interest in bringing this to resolution 2 years ago.

Because the use of illegal Cadence software has **not** stopped at Pounce, Cadence Legal will now be defining next steps to take action on the infringement data that has been collected over the past many months/years.

I have CC'ed Vinod Moza from Cadence Design Systems's compliance team.

Before I hand this back over to Vinod and the Cadence Legal team, you have one final opportunity to purchase legitimate Cadence licenses to resolve the infringements that have been identified.

I strongly suggest we have a call today to discuss this further.  You can reach me at either of the numbers below.



Michael Gartland | Director of Sales Operations
P: 585-334-6001 x252 | M: 585-269-8319 | www.ema-eda.com



OrCAD Capture is FREE, for a limited time only. Find out how.

**From:** Mauricio Gomez [mailto:mauricio.gomez@pouncecorp.com]
**Sent:** Tuesday, February 2, 2016 9:31 PM
**To:** Eric Ubiera <ericu@ema-eda.com>; Michael Gartland <mikeg@ema-eda.com>
**Cc:** Sara Cardona <sara.cardona@pouncecorp.com>; Roger Viera <roger.viera@pouncecorp.com>
**Subject:** Re: Infringement of Cadence Design Systems licenses at Pounce Consulting

Dear Erick and Michael,

We have been users of Altium licenses for hardware development since many years from now, about two years ago we detected the presence of a non conformance cadence sw in Pounce equipment, we performed deletion of every copy we had inside our facilities. I will review again the mac addresses you are mentioning if these MAC addresses are ours and if they have any version of cadence software still installed and will remove it. Once this is done I will inform you and kindly ask you to check again to see if you still are getting any report about it. Additionally I will enforce as part of our IT policy to audit every 3 months and not every 12 months as currently doing the audit, and will place especial focus on Cadence.

Sorry for any issue this may have caused you, and again we are not using Cadence for development but Altium.

Best Regards,
Mauricio Gómez
Pounce Director
www.pounceconsulting.com
mauricio.gomez@pouncecorp.com


---------- Forwarded message ----------
From: **Eric Ubiera** <ericu@ema-eda.com>
Date: Tue, Feb 2, 2016 at 4:51 PM
Subject: Infringement of Cadence Design Systems licenses at Pounce Consulting
To: "sara.cardona@pouncecorp.com" <sara.cardona@pouncecorp.com>
Cc: Michael Gartland <mikeg@ema-eda.com>, "roger.viera@pouncecorp.com"
<roger.viera@pouncecorp.com>


Sara – favor encontrar adjunto a este email la carta de notificación de parte de Cadence Design
Systems – y más debajo esta email que fue enviado al Sr. Roger Viera el pasado Jueves 28 de
Enero de parte de Mike Gartland, y aún no ha escuchado respuesta de parte del Sr. Roger.


La idea es que Pounce Consulting compre las licencias que está utilizando vía EMA para que
quede resuelto las infracciones que fueron detectadas por Cadence. De lo contrario Cadence se
verá obligado a proceder legalmente.


Espero escuchar de usted pronto, Sara. Me puedes llamar hoy al 585-334-6001 x259 o 585-465-
6427. O por favor confirmar la llamada con usted y el Sr. Roger para mañana Miércoles a las
3PM ET (Hora New York). Una vez confirmen, favor indicar un numero donde se pueda llamar,
y yo les voy a enviar una invitación formal por Outlook para que acepten.


A este email copio al Sr. Mike Gartland.


Sara – per our discussion, below is the email Mike sent to Roger last Thursday.  The attached
was also included in the email to Roger.  Mike did not receive any type of acknowledgement
from Roger.

The expectation is Pounce Consulting purchases Cadence licenses via EMA to resolve the infringements that have been detected. Otherwise Cadence Design Systems's Legal department will be engaged.

We need to schedule a call for tomorrow – we are targeting 3pm ET for this call. Please confirm that works for you and Roger. Please also provide a number where we can reach you for tomorrow's call – I will then send out an Outlook invitation.

Thank you – Eric.

*Mike – for reference, this is Sara; I just spoke with her. Please hold off on engaging Vinod and Cadence Legal until tomorrow.*

https://www.linkedin.com/in/sara-cardona-6b175a48

Regards,
Eric

_____

<image001.jpg>

Eric Ubiera | Account Manager
P: 585-334-6001 x259 | www.ema-eda.com

<image002.jpg><image003.jpg><image004.jpg><image005.gif>

_____

OrCAD Capture is FREE, for a limited time only. Find out how.

**From:** Michael Gartland
**Sent:** Thursday, January 28, 2016 6:41 PM
**To:** 'roger.viera@pouncecorp.com' <roger.viera@pouncecorp.com>
**Subject:** Infringement of Cadence Design Systems licenses at Pounce Consulting
**Importance:** High

Roger Viera,

Favor encontrar adjunto a este email carta del departamento de asuntos Legales y Cumplimiento de Cadence Design Systems. Desafortunadamente, Cadence Design Systems ha detectado el uso de licencias ilegales dentro de su compañía. Yo estoy con EMA Design Automation, socio y distribuidor exclusivo de Cadence para todo el territorio Norte Americano. Cadence nos ha encargado de contactarlo a usted para hacer frente a esta situación de inmediato antes de que su departamento de asuntos Legales tome las medidas y acciones correspondientes.

Favor de responder y proponer una fecha/hora dentro de los 2 próximas días laborales para discutir el tema. Si necesita involucrar a otra persona de su organización para ayudar en la resolución de este asunto, por favor, hágalo inmediatamente.

---

&lt;image001.jpg&gt;

Michael Gartland | Director of Sales Operations
P: 585-334-6001 x252 | M: 585-269-8319 | www.ema-eda.com

&lt;image002.jpg&gt;&lt;image003.jpg&gt;&lt;image004.jpg&gt;&lt;image005.gif&gt;

---

*Roger Viera,*

*Please see the attached letter from Cadence Design Systems' Legal and Compliance teams. Unfortunately, Cadence Design Systems has detected illegal licenses being used within your organization. I am with EMA Design Automation, Cadence's exclusive channel partner for North America. Cadence has tasked us with reaching out to you to immediately address this situation before their Legal department takes further action.*

*Please reply and propose a time within the next 2 business days to discuss. If you need to involve someone else from your organization to assist in resolving this matter, please do so immediately.*

*Michael Gartland*

&lt;Cadence Design Systems Notice_Pounce Consulting_012816.pdf&gt;

4

1

**CERTIFICATE OF SERVICE**

2          I certify that I caused to be served counsel of record on March 14, 2018, with

3     PLAINTIFF CADENCE DESIGN SYSTEMS, INC'S FIRST SET OF REQUESTS

4     FOR PRODUCTION OF DOCUMENTS TO DEFENDANT POUNCE

5     CONSULTING, S.A. de C.V. via personal service to the address indicated below.

6          Executed on March 14, 2018 in Los Angeles, California.

7

8                                         By:      */s/ Steve A. Papazian*
                                                   STEVE A. PAPAZIAN
9

10
      Frederick K. Taylor
11    fred.taylor@procopio.com
      Procopio, Cory, Hargreaves & Savitch LLP
12    525 B Street, Suite 2200
      San Diego, CA 92101
13

14    *Attorney for Defendant Pounce Consulting, S.A. de C.V.*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

────────────────────────────────────

EXHIBIT C

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  4:17-cv-04732-PJH |
| POUNCE CONSULTING, INC., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          Seek Thermal, Inc. c/o MICHAEL MUENCH
                          111 CASTILIAN DRIVE, GOLETA, CA 93117
                          *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attachments A-C.

| Place: McDaniel Reporting | Date and Time: |
|---|---|
| 21 E. Carrillo St., Suite 190 | |
| Santa Barbara, CA, 93101 | 04/05/2018 9:00 am |

The deposition will be recorded by this method:   stenographic, audio, and video recording

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/09/2018

                          *CLERK OF COURT*

                                                  OR

                                                            /s/ Steve A. Papazian
_____           _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff, Cadence Design Systems, Inc.
                                                  , who issues or requests this subpoena, are:
Steve A. Papazian, RUTTENBERG IP LAW, APC, 1801 Century Park East, Suite 1920, Los Angeles, CA 90067
Telephone: (310) 627-2270, steve@ruttenberglaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT D

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  4:17-cv-04732-PJH |
| POUNCE CONSULTING, INC., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Spectrum Brands, Inc. c/o CORPORATION SERVICE COMPANY
              2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CA 95833-3505
              *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
              See attachments A-C.

| Place: Regus | Date and Time: |
|---|---|
| 8383 Greenway Blvd, Ste 600 | |
| Middleton, WI 53562 | 04/05/2018 9:00 am |

The deposition will be recorded by this method:   stenographic, audio, and video recording

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:         03/09/2018

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Steve A. Papazian |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, Cadence Design Systems, Inc.
_____ , who issues or requests this subpoena, are:
Steve A. Papazian, RUTTENBERG IP LAW, APC, 1801 Century Park East, Suite 1920, Los Angeles, CA 90067
Telephone: (310) 627-2270, steve@ruttenberglaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT E

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:17-cv-04732-PJH |
| POUNCE CONSULTING, INC., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:              TableSafe, Inc. c/o CT CORPORATION SYSTEM
              818 WEST SEVENTH STREET, SUITE 930, LOS ANGELES, CA 90017
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

              See attachments A-C.

| Place: Seattle Deposition Reporters<br>600 University Street, Suite 320<br>Seattle, WA, 98101-4196 | Date and Time:<br><br>04/05/2018 9:00 am |
|---|---|

        The deposition will be recorded by this method:   stenographic, audio, and video recording

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/09/2018

                CLERK OF COURT

                                                OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    /s/ Steve A. Papazian
                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff, Cadence Design Systems, Inc.
_____, who issues or requests this subpoena, are:
Steve A. Papazian, RUTTENBERG IP LAW, APC, 1801 Century Park East, Suite 1920, Los Angeles, CA 90067
Telephone: (310) 627-2270, steve@ruttenberglaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).