1  Frederick K. Taylor (Bar No. 159838)
   E-mail:fred.taylor@procopio.com
2  Adrian Martinez (Bar No. 230840)
   E-mail:adrian.martinez@procopio.com
3  PROCOPIO, CORY, HARGREAVES &
        SAVITCH LLP
4  525 B Street, Suite 2200
   San Diego, CA  92101
5  Telephone: 619.238.1900
   Facsimile: 619.235.0398
6
   Attorneys for Defendant Pounce Consulting, S.A. de C.V., a
7  Mexican Sociedad Anónima de Capital Variable

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10 | CADENCE DESIGN SYSTEMS, INC., *a* | **Case No. 4:17-CV-04732-PJH** |
   | *Delaware Corporation*, | |
11 | | DECLARATION OF **ROGELIO** |
   | Plaintiff, | **PATRICIO VIERA AYALA** IN REPLY |
12 | | TO MOTION TO SET ASIDE ENTRY |
   | v. | OF DEFAULT |
13 | | |
   | POUNCE CONSULTING, INC., *a California* | Date:    Off Calendar |
14 | *Corporation*, and POUNCE CONSULTING, S.A. | Time: |
   | de C.V., *a Mexican Sociedad Anónima de Capital* | Dept.:   Courtroom 3 |
15 | *Variable*, | |
   | | Complaint Filed:  August 15, 2017 |
16 | Defendants. | Judge:  Hon. Phyllis J. Hamilton |

17

18

19

20

21

22

23

24

25

26

27

28

I, Rogelio Patricio Viera Ayala (also known as "Roger Viera") declare:

1.     I am the Chief Executive Officer of Pounce Consulting, S.A. de C.V. ("Pounce, SA"). I have personal knowledge of the facts set forth in this declaration and if called upon to do so, I could and would testify competently thereto. I submit this declaration in support of Pounce SA's reply for its motion to set aside the entry of default and to quash summons against Pounce SA. I submit this declaration without waiving Pounce SA's argument that this Court, or any other court located in California, lacks personal jurisdiction over Pounce SA.

2.     As stated in the declaration of Yolanda Maria Jose Viera Pillado, Pounce, SA was incorporated on July 4, 2005, in the city of Guadalajara, State of Jalisco, Mexico.   I am a partial owner and have been its Chief Executive Officer since 2007.   I am intimately familiar with the operations of Pounce, SA as I have directed its activities for the last eleven years.   Since its inception, Pounce, SA has been based in the city of Guadalajara, in the state of Jalisco, Mexico. The principal business of Pounce, SA is the design and manufacture of high end computer chips and related hardware.

3.     There are several conglomerated entities which share the trade name "Pounce," and each of them is independently maintained and operated by their respective principals, even though there is some overlap in ownership and management.   As mentioned above, Pounce, SA is a Mexico based company that principally designs computer chip and related software and hardware. Defendant Pounce Consulting, Inc. ("Pounce, Inc."), on the other hand, is a U.S. based technology staffing company.  Pounce Electronics S.A. de C.V. is a Mexico based company that specializes in the manufacturing of plastics, metals, lighting equipment and energy meters.  Pounce Electronics is the manufacturing entity under the Pounce brand.  Pounce Capital Group, S.A. de C.V. is an investment company which focuses on providing capital and resources to technology companies.

4.     As conglomerated companies, there exists some overlap of ownership and individuals who serve management positions.  So, for example, from about 2011-2014, I was involved in the management of both Pounce, SA, and Pounce, Inc.  Mr.  Juan Llera, who is the CEO of Pounce, Inc., has previously been an employee of, and a contractor for, Pounce, SA.  I am

also currently the Chief Financial Officer of Defendant Pounce, Inc., which as stated above, is a separate but related company to Pounce SA. I currently own 70% of the shares in Pounce, Inc.

5.     Likewise, the conglomerated companies that share the name "Pounce" have business relationships with each other that allow them to provide services more efficiently, or to provide a greater array of goods and services to their respective customers. For instance, Pounce, Inc. has handled some invoicing for some of Pounce, SA's clients. Pounce, Inc. has received shipments for Pounce SA. Pounce, Inc. has hired some Pounce, SA employees to meet its staffing needs for projects such as software development. Pounce SA and Pounce, Inc. also share some of the same internet domains, such as www.pouncecorp.com and www.pounceconsulting.com. Importantly, Pounce, Inc. has its own internet domain at www.pouncestaffing.com. That website focuses on that entity's own business of providing technology staffing services. Rather than containing the broad branding of the Pounce entities, there is a single link that redirects users to the www.pouncecorp.com website.

6.     The "Pounce" name is used by these conglomerated entities for branding purposes and to allow potential customers to draw associations with high quality technology services based in Mexico. Pounce SA and Pounce Inc. are parties to licensing agreements that allow them to use the tradename "Pounce." This is similar to the approach of companies such as American Express which has related but separate corporate entities specializing in credit cards, travel and financial services.

7.     However, despite these connections, Pounce, SA does not direct or control Pounce, Inc. Likewise, Pounce, Inc. does not direct or control Pounce, SA. Each company has its own management and board of directors that operate independently from each other, even if there is some overlap.

8.     Plaintiff contends that Pounce, SA has a corporate headquarters in San Diego, California based upon items taken out of context. In particular, Plaintiff solely based its service on the fact that an address in San Diego appears as a "US Corporate" location on the consolidated companies' website. Indeed, Defendant Pounce, Inc.'s Silverton Avenue address appears on the www.pouncecorp.com website (and on other documents) because that website is the homepage for

some of the conglomerated companies which bear the tradename "Pounce." That website contains links describing the different services offered by the conglomerated entities. The website describes the goods and services that are generally offered under the "Pounce" brand. See, Ex. 1. (Exhibit 1 is a true and correct copy of the www.pouncecorp.com "About" page at that website. As CEO I am familiar with its contents.) That "About" page show the various goods and services offered under the "Pounce" brand, but does not attribute them to specific entities. Thus, one can see that "Staffing" and "Design and Development" are offered, but as stated above, those items are handled by separate entities. The "US Corporate" address (See Dkt. No. 29-2) is merely reflective of the fact that one of the Pounce entities, Pounce, Inc., does business at that location. Similarly, any statements that I make in public regarding the San Diego address are merely reflective of a location for one of the "Pounce" branded companies, Pounce, Inc. In fact, as far as the core business of Pounce, SA, during the same discussion referenced in Plaintiff's opposition (Dkt. No. 66, p. 9; https://www.youtube.com/watch?v=PQBKprOrT9w), I repeatedly state that the design and manufacture elements of Pounce occur in Mexico. These references can be found at 1:24; 2:49; 4:23 and 9:25 of that video.

9.     Regarding Plaintiff's claim of copyright infringement from the correspondence referenced at Dkt. No. 55-6, I am familiar with those correspondences and the Plaintiff's initial claims. I understand that Plaintiff's claim is that cracked versions of its software "are in use at Pounce Consulting." See, Dkt. No. 55-6, p. 7. I understand that the claims here involve the use of Cadence software on computers located at the design and manufacturing centers of Pounce, SA, which are located exclusively in Mexico.

10.     Regarding this litigation, I was first contacted by Cadence's counsel, Steve Papazian, Esq., on or about November 28, 2017. See Dkt. 55-10, p. 4. He informed me that he considered Pounce, SA to be in default in this litigation. *Id*. At this point, I was aware that Pounce, SA had not been served with a complaint in the State of Jalisco, Guadalajara, Mexico where the company is based. That same morning I immediately responded back to Mr. Papazian informing him that Pounce, SA is based in Mexico and that Cadence needed to file a complaint in the Mexican court system. *Id*. at 3-4. I also gave him contact information for Pounce, SA's legal

counsel in Mexico. *Id*. Mr. Papazian responded back to me and Pounce, SA's Mexican legal counsel again stating that Pounce, SA was in default of a complaint filed in the United States and that it had to file a response to the complaint *that day* otherwise Cadence would seek a default, and then a default judgment. *Id*. at 3. It did not seem reasonable, or even possible that a Plaintiff could obtain a default while giving a defendant less than a day's notice.

11. Mr. Papazian's email to me on November 28, 2017, included a copy of the First Amended Complaint and the proof of service. I reviewed the proof of service and instantly believed it to be lacking. First, Pounce, SA has never had a business location in the United States so it was inconceivable to me that it could be served in the U.S. I am aware that the Silverton Avenue address in San Diego on the proof of service is the address of our sister company, Defendant Pounce, Inc. However, Pounce, SA has never used that address as a principal place of business. Further, as I conveyed to Mr. Papazian, I believed that Pounce, SA, as a Mexican company had to be sued in Mexico because of its principal location and because all of its employees and activities are in Mexico. Second, the person to whom it was served, Thania Herrera, is not a manager of Pounce, SA and she has never even been employed by Pounce, SA. I believed that this method of service could not possibly bind Pounce, SA. And, contrary to Plaintiff's assertion, Pounce, SA never received the complaint from either Ms. Herrera or Pounce, Inc.

12. Pounce, SA's management then considered whether and how it should respond to the information received from Mr. Papazian. However, because of the Christmas and New Year's holiday season, it was difficult to make arrangements to obtain the appropriate advice. On January 3, 2018, I received another email from Mr. Papazian, this time informing me of a Court scheduled mediation in February. See, Ex. 2 (This is a true copy of the email exchange between myself and Mr. Papazian). I responded that day to Mr. Papazian and reiterated that we believed that Plaintiff needed to address its claims against Pounce SA in Mexico. *Id*. (Plaintiff omitted my response to this email in its opposition. See Dkt. No. 66-18.)

13.     Since Pounce, SA did not believe that the claims against it were in the proper forum, it did not believe that it could, or should be present at the mediation, but hoped that the matter would be resolved there.  Nonetheless, Pounce, SA did initiate a search for U.S. counsel.

14.     However, on or near February 10, 2018, Pounce, SA learned that the case did not settle and soon after intensified the search for U.S. counsel to provide advice.  Shortly thereafter, Pounce, SA sought to retain the San Diego based law firm of Procopio, Cory, Hargreaves & Savitch, LLP to advise on this matter.  After the firm completed its conflict check, we retained them.  Thereafter, a special appearance was entered on Pounce, SA's behalf and these motions were filed.

15.     For two months, in correspondence with Plaintiff's counsel, Pounce, SA had been engaged in an informal effort to implore Plaintiff to pursue what we believed were the proper legal channels for claims against Pounce, SA.  We firmly believed, and still believe, that Plaintiff needs to pursue its claims in Mexico.  We even believed that the default was improperly obtained by Plaintiff through the use of faulty service and in an inappropriate forum.  However, once the case did not resolve we intensified the search for counsel and then asked for the relief sought in these motions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in Edfu, Egypt, on March 21st, 2018.


_____
Rogelio Patricio Viera Ayala (AKA "Roger Viera")

EXHIBIT "1"

Pounce



| Home | Pounce | Services | News | Catalogue |

## POUNCE/ABOUT

### We're an innovative high technology company with over 12 years experience in the industry.

We started operations in 2001 in Guadalajara, Jalisco, México to provide optimal and affordable technological solutions to support digital revolution and the Internet of Things.

We are distinguished for developing an end-to-end services cycle that allow us to turn ideas into final products with personalized solutions.

We design, develop and manufacture technology, integrating projects and platforms that allow us being a factor of change for our clients and society.

DESIGN & DEVELOPMENT /pounce

IT /pounce

LIGHTING /pounce

ENERGY /pounce

MANUFACTURE /pounce

STAFFING /pounce



Pounce

Pounce    Solutions    Clients    Resources

*History*    *IT*    *Maslac*    *Catalogue*
             *Lighting*           *Contact*
             *Design &*
             *Development*

Pounce Counsulting and Pounce Electronics logos are trademarks of Pounce Consulting Inc. All other product or service
names are the property of their respective owners. Pounce Consulting, Inc 2011 All rights Reserved

pounce

PRIVACY POLICY

☐ POUNCE     ☐ @POUNCECORP

EXHIBIT "2"

**From:** Roger Viera <roger.viera@pouncecorp.com>
**Date:** Wednesday, January 3, 2018 at 10:01 PM
**To:** Steve Papazian <steve@ruttenbergiplaw.com>
**Cc:** Guy Ruttenberg <Guy@ruttenbergiplaw.com>, Ivan Novia <inovia@monarquenovia.com>
**Subject:** Re: Cadence Design Systems, Inc. v. Pounce Consulting, Inc. et al, No. 4:17-cv-04732-PJH -- Notice of Settlement Conference

Steve:

As I mention before, <u>Pounce Consulting Sa de CV</u> it is a Corporation based in Mexico.
You need to use our court system in Mexico.

This feels like extorsion, if you have a claim use the proper system in my country to deal with this.

Once again, you can contact the following people:

Maria Jose Viera
Email: mariajose.viera@pouncecorp.com
Pounce Consuting Sa de CV
8th de Julio 1295 Colonia la Moderna, Guadalajara Jalisco 44190.
+52-33-39-42-25-00

Or / our one of our External Attorneys:
Ivan Novia
Email: inovia@monarquenovia.com
Col. Lomas del Seminario
CP
San Juan de Letrán N° 4578
45038 Zapopan Jalisco
Phone: +52 1 (33) 3955 5833

Please use the proper legal procedure to present your claim.

Roger Viera
Pounce Consuting Sa de CV (Mexico)
8th de Julio 1295 Colonia la Moderna, Guadalajara Jalisco 44190.
+52-33-39-42-25-00

**From:** Steve Papazian <steve@ruttenbergiplaw.com>
**Date:** Wednesday, January 3, 2018 at 8:45 PM
**To:** Roger Viera <roger.viera@pouncecorp.com>, Maria Viera <mariajose.viera@pouncecorp.com>
**Cc:** Jason Coberly <jcoberly@sodensteinberger.com>, Guy Ruttenberg <Guy@ruttenbergiplaw.com>
**Subject:** Cadence Design Systems, Inc. v. Pounce Consulting, Inc. et al, No. 4:17-cv-04732-PJH -- Notice of Settlement Conference

Dear Mr. Viera and Ms. Viera,

I write regarding Cadence Design Systems, Inc.'s ("Cadence") lawsuit against Pounce Consulting, S.A. de C.V. and Pounce Consulting, Inc.  The Court has ordered the parties to attend a settlement conference, which is scheduled for February 9, 2018 at 10:00 am with Magistrate Judge Maria-Elena James in San Francisco, California.  Please see the attached order for additional information.  Attendance at this settlement conference is mandatory for all parties in the case, which includes Pounce Consulting, S.A. de C.V.  As a reminder, we served Pounce Consulting, S.A. de C.V. with a copy of the complaint and summons in this case on November 9, 2017.

Please let me know if you have any questions.

Best regards,
Steve

Steve A. Papazian
Associate Attorney
Ruttenberg IP Law, A Professional Corporation
_____
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Direct Line: (310) 627-2276
Facsimile:   (310) 627-2260
Email: steve@ruttenbergiplaw.com

NOTICE: The information contained in this e-mail and any accompanying documents is confidential, may be privileged, and is intended solely for the person and/or entity to whom it is addressed (i.e. those identified in the "To" and "cc" box). This information is the property of Ruttenberg IP Law, A Professional Corporation. Unauthorized review, use, disclosure, or copying of this communication, or any part thereof, is strictly prohibited and may be unlawful. If you have received this e-mail in error, please return the e-mail and attachments to the sender and delete the e-mail and attachments and any copy from your system.