

HOLLY R. HANKS
ATTORNEY
LITIGATION
DIRECT DIAL (415) 995-5166
DIRECT FAX (415) 995-3476
E-MAIL hhanks@hansonbridgett.com

April 10, 2018

VIA ECF

Hon. Elizabeth D. Laporte
US District Court- Northern District of California
450 Golden Gate Avenue, Courtroom E- 15th Fl.
San Francisco, CA 94102

Re:   *Plaintiff Cadence Design Systems, Inc. v. Pounce Consulting, Inc., et al.*
      Case No. 4:17-cv-4732-PSH; Discovery Procedure No. 2
      **DISPUTE RE: DEPOSITION OF MILTON ARCOS NOTICED FOR APRIL 11, 2018**

Dear Judge Laporte:

Pursuant to the Court's Order Re Discovery Procedures, Defendant Pounce Consulting, Inc. ("Pounce USA"), after meeting and conferring by telephone with Plaintiff Cadence Design Systems, Inc. ("Plaintiff") (including with lead counsel), hereby submits an individual statement to resolve a discovery dispute regarding Plaintiff's subpoena for a deposition of Milton Arcos on April 11, 2018, namely, on what date the deposition must proceed. Pounce USA submits an individual statement because, although it attempted to coordinate a joint statement with Plaintiff's counsel, it was unable to do so in time to get this statement on file before the date of the noticed deposition. (Exhibit A, Declaration of Holly Hanks ("Hanks Decl."), ¶ 2).

### POSITION OF INITIATING PARTY, POUNCE USA

Pounce USA seeks a protective order on behalf of its employee, Milton Arcos, vacating the deposition of Mr. Arcos currently noticed for April 11, 2018. The degree of this dispute is approximately six days, as Mr. Arcos most recently offered to appear for deposition as early as April 17 or 18, 2018 – but Plaintiff declined this scheduling.

Pounce USA, including on behalf of Mr. Arcos, objects to the noticed April 11, 2018 date as unduly burdensome, especially considering the imposition on Pounce USA and Mr. Arcos relative to Plaintiff's need to take the deposition on that date, instead of a date that is more mutually convenient. Fed. R. Civ. Proc. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from . . . undue burden . . . [by] specifying the terms, including time" of discovery.). As counsel already advised Plaintiff in meet-and-confer efforts, both Mr. Arcos and the corporate representative of Pounce USA, Mr. Juan Llera, who is planning to attend the deposition, are unavailable on April 11 because they are traveling. Pounce USA had previously offered either April 19 or April 20, 2018, for Mr. Arcos's deposition. (Hanks Decl. ¶ 5). After meet-and-confer efforts, Pounce USA further offered either April 17 or 18, 2018. (Hanks Decl. ¶ 6).

Hanson Bridgett LLP
425 Market Street, 26th Floor, San Francisco, CA 94105   hansonbridgett.com

14298027.1

Hon. Elizabeth D. Laporte
April 10, 2018
Page 2

Additionally, Pounce USA, including on behalf of Mr. Arcos, objects to the noticed April 11, 2018 date as unduly burdensome because the subpoena and Notice of Subpoena to Mr. Arcos did not give reasonable advance notice of the deposition date. On April 3, 2018, Plaintiff served its subpoena on Mr. Arcos seeking the April 11, 2018 deposition—giving only 8 days' notice. (Hanks Decl. ¶ 3, Exh. A); *see Mason v. Silva*, 2013 WL 2338720, at *1 (S.D. Cal., May 28, 2013) ("[A]t least 10 days' notice is customarily expected" for notice of deposition); *In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684, 687 (D. Nev. 1999) (finding six days before the scheduled deposition to be "unreasonably short" to serve deponent). Plaintiff also served the subpoena and a Notice of Deposition on counsel on April 3. (Hanks Decl. ¶ 4).

While Plaintiff claims the approximately six-day difference in deposition dates will cause prejudice, Pounce USA respectfully submits that it will not. The only prejudice articulated by Plaintiff is whether it might discover information in the deposition that it wants to bring to the Court's attention regarding the pending motion to set aside default filed by defendant Pounce Consulting, S.A. de C.V. However, this reason is too speculative on which to find prejudice based on a six-day difference in dates.

Additionally, although Plaintiff has argued that it has been seeking the deposition of Mr. Arcos for some time, the first time Mr. Arcos was properly served was on April 3—again, eight days before the deposition date. While Plaintiff served a Notice of Deposition of Mr. Arcos on Pounce USA's counsel, via email, on March 3, 2018, for a deposition on March 22, 2018, Plaintiff never served a subpoena in connection with that notice. (Hanks Decl. ¶ 9). Mr. Arcos's position at Pounce USA is Service Delivery. (Hanks Decl. ¶ 12). *See* Subpoena, Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 11(IV)-F ("If at the time of the deposition the person sought to be deposed is a "subordinate employee" or is [not] a director, officer or managing agent of the corporation, a subpoena is necessary to compel his or her attendance.") (citing *Colonial Capital Co. v. General Motors Corp.*, 29 FRD 514, 515 (D CT 1961)). Moreover, Pounce USA timely served an objection to the notice. (Hanks Decl. ¶ 10).

### Proposed Compromise

Pounce USA conferred in good faith to resolve this dispute without the Court's involvement, and offered a deposition date six days after the date proposed by Plaintiff. However, given that neither the deponent nor Pounce USA's corporate representative are available to appear on the noticed date, Pounce USA has no choice but to seek the Court's assistance. Pounce USA is willing to provide deposition dates as early as April 17 or 18, 2018. Therefore, Pounce USA asks that the Court issue a protective order vacating the April 11, 2018 deposition date, and allowing the parties to schedule Mr. Arcos's deposition on a mutually agreeable date.

Respectfully submitted,

HANSON BRIDGETT LLP

*/s/ Holly R. Hanks*
Garner K. Weng
Janie L. Thompson
Holly R. Hanks
Counsel for Defendant
Pounce Consulting, Inc.

14298027.1