# RUTTENBERG IP LAW
### A PROFESSIONAL CORPORATION

1801 Century Park East, Suite 1920, Los Angeles, CA 90067
Tel: (310) 627 2270 Fax: (310) 627 2260

---

April 11, 2018

Hon. Judge Elizabeth D. Laporte
United States District Court- Northern District of California
San Francisco, Courthouse, Courtroom E- 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *Plaintiff Design Systems, Inc. v. Pounce Consulting, Inc., et al.*
      Case No. 4:17-cv-4732-PSH(EDL); Discovery Procedure No. 2

Dear Judge Laporte:

      I write on behalf of Plaintiff Cadence Design Systems, Inc. ("Cadence"). I respond to the letter (Dkt. No. 79) of Defendant Pounce Consulting, Inc. ("Pounce"), which mischaracterizes this discovery dispute from top to bottom. This is ***not*** about a difference of six days. Cadence has been trying to depose Mr. Arcos (and others) ***for over a month*** because Cadence needs the deposition for responding to a pending motion—including a sur-reply due on April 16. Pounce is systematically interfering with Cadence's ability to take any depositions (not just Mr. Arcos). The Court should (i) deny the Protective Order, (ii) order Mr. Arcos and Ms. Thania Herrera to be deposed at Plaintiff's counsel's office on or before April 13, (iii) order depositions of Messrs. Viera and Llera before the end of April, (iv) order Pounce to provide contact information for all witnesses identified on its November 9, 2017 Initial Disclosures, and (iv) sanction Pounce.

      By way of background, Cadence asserts claims for breach of a software license, copyright infringement and circumvention of copyright protection systems. Cadence is a leader in Electronic Design Automation (EDA) software. (Dkt. No. 25, FAC ¶ 16). Pounce, along with its co-defendant Pounce Consulting, S.A. de C.V. ("Pounce Mexico"), is using ***pirated*** versions of the software. (FAC ¶¶ 38-39, 44-45, 52-56, 61-69, 78, 85). The two Pounce defendants are alter egos. (*Id.* ¶¶ 5-10). In answering the Complaint, Pounce contends that Cadence "sued the wrong party," insisting (falsely) that "Pounce . . . and Pounce Mexico are not related by ownership." (Dkt. No. 41 ¶¶ 9-10). Pounce Mexico defaulted. (Dkt. No. 44). Neither defendant denies that the software piracy occurred.

      Recently, Pounce Mexico moved to set aside default, challenging jurisdiction and service of process (even though it was served at its "U.S. corporate" address). (Dkt. No. 58). Cadence tried to depose Mr. Arcos, as well as Ms. Thania Herrera, before filing its opposition, but they failed to appear. Since then, Cadence sought leave to file a sur-reply. (Dkt. No. 76). The Court authorized Cadence to file a sur-reply no later than **April 16, 2018**. (Dkt. No. 77).

      We have been attempting to depose Mr. Arcos and Ms. Herrera ***for over a month now***. Both witnesses appear on Pounce's November 9, 2017 Initial Disclosures, which identifies them as Pounce employees without providing any other contact information. (Ex. A) Thus, on March 7, 2018, Cadence served deposition notices seeking to depose these Pounce employee on March 22-23. (Ex. B). Cadence followed up a week later. (Ex. C). On March 13, Pounce finally responded that the proposed dates "do not work for us, so we will need to look at other dates." (Ex. C). But Pounce failed to provide any dates. Instead, on March 16, Pounce served

Hon. Judge Elizabeth D. Laporte
April 11, 2018
Page | 2

objections contending (i) the notices are improper because they were served electronically (even though Pounce previously contented to such service) and (ii) that the noticed dates are "unduly burdensome and oppressive." (Ex. D). When Cadence pushed for dates again (Ex. E), Pounce promised to consult internally and provide dates. (*Id.*). But Pounce only came back with more roadblocks. On March 27, Pounce argued for the first time that the deposition notices are insufficient and that subpoenas are required for deposing these Pounce employees. (*Id.*). At the same time, Pounce refused to accept service or provide contact information for the witnesses— even though both Arcos and Herrera were listed on Pounce's Rule 26 initial disclosures. (Ex. A). Pounce *still* refused to provide any dates these (or any) depositions. At that point, I reached out by phone and email seeking to discuss the matter with Pounce's lead counsel—as required for bringing a motion to compel. (Ruttenberg Decl. ¶ 5). Pounce ignored the messages. (*Id.*).

After trying to get dates for more than three weeks, Cadence successfully served Mr. Arcos personally on April 3, and noticed his deposition for April 11, 2018. (Dkt. No. 79-1 at 5). At that point—once Mr. Arcos was successfully served—Pounce suddenly contended that the witness and/or client have unspecified travel conflicts. Pounce never substantiated that contention. Even so, Cadence proposed to moot that conflict by advancing the Arcos deposition to another date. Unsurprisingly, Pounce now proposes conducting the deposition on April 17— which is conveniently one day after the sur-reply is due. Likewise, Pounce refuses to provide Ms. Herrera before April 18. Pounce also still refuses to provide any dates for Messrs. Llera or Viera (who submitted declarations with the Court). Pounce also still refuses to provide contact information for the witnesses that were identified on its November 9, 2017 Initial Disclosures.

On Friday at 4:20pm, Pounce for the first time stated it would seek a protective order. On April 10, Pounce sent an incomplete draft of its half of this letter and demanded that Cadence provide its respond to the letter brief within a matter of hours. Mr. Arcos failed to appear today.

The Court should reject Pounce's motion. A party seeking a Protective Order bears the burden of showing good cause. Fed. R. Civ. P. 26(c)(1). Cadence has been seeking these depositions for over a month and Cadence needs the depositions for its April 16 brief. Given that Pounce refused to propose any dates, Pounce has no basis for complaining about supposed scheduling conflicts (which are unsupported by evidence in any event). The case law cited by Pounce does not support its position. *See Mason,* 2013 WL 2338720 at *1-2 (granting motion to compel deposition of pro se defendant after nonappearance at deposition); *In re Stratosphere Corp.,* 183 F.R.D. at 687 (subpoenaed third party with apparently no prior notice of deposition).

Pounce's arguments about the requirement for a subpoena also miss the mark. Even if a subpoena were necessary, Cadence has served one now. The requirement of a subpoena is only relevant to compelling a witness to attend; it has nothing to do with the adequacy of notice— particularly as it relates to parties raising roadblocks.

Proposed Compromise. To moot any scheduling conflicts, we offered to advance the Arcos deposition, which Pounce rejected. Today, Mr. Arcos *again* failed to appear. We ask that the Court order depositions of Arcos and Herrera before April 13, require Pounce to make Viera and Llera available for depositions before the end of April, direct Pounce to provide contact information for all witnesses identified on its November 2017 Initial Disclosures, and award Cadence its fees/costs incurred in seeking these depositions and filing this opposition.

Hon. Judge Elizabeth D. Laporte
April 11, 2018
Page | 3

                        Best regards,

                        */s/ Guy Ruttenberg*

                        Guy Ruttenberg
                        Ruttenberg IP Law, A Professional Corporation