1  Frederick K. Taylor (Bar No. 159838)
   E-mail:fred.taylor@procopio.com
2  Adrian Martinez (Bar No. 230840)
   E-mail:adrian.martinez@procopio.com
3  PROCOPIO, CORY, HARGREAVES
       & SAVITCH LLP
4  525 B Street, Suite 2200
   San Diego, CA  92101
5  Telephone: 619.238.1900
   Facsimile: 619.235.0398
6
   Attorneys for Defendant Pounce Consulting, S.A. de C.V., a
7  Mexican Sociedad Anónima de Capital Variable

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10  CADENCE DESIGN SYSTEMS, INC., *a*          | **Case No. 4:17-CV-04732-PJH**
    *Delaware Corporation*,
11                                             | **MEMORANDUM OF POINTS AND**
                                               | **AUTHORITIES IN SUPPORT OF**
12              Plaintiff,                     | **MOTION TO WITHDRAW AS**
                                               | **COUNSEL FOR DEFENDANT**
13  v.                                         | **POUNCE CONSULTING, S.A. DE**
                                               | **C.V.**
14  POUNCE CONSULTING, INC., *a California*
    *Corporation*, and POUNCE CONSULTING, S.A. | Date:     July 11, 2018
15  de C.V., *a Mexican Sociedad Anónima de Capital* | Time:    9 A.M.
    *Variable*,                                | Dept.:    Courtroom 3
16
                Defendants.                    | Complaint Filed:  August 15, 2017
17                                             | Judge:  Hon. Phyllis J. Hamilton

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

Procopio, Cory, Hargreaves & Savitch LLP ("Procopio"), counsel for Defendant Pounce Consulting, S.A. de C.V. ("Pounce Mexico") hereby moves for leave of this Court to allow Procopio to withdraw as counsel for Pounce Mexico in this action. Good cause exists for Procopio to withdraw in light of its professional and ethical requirements, and if needed, Procopio is willing to provide additional information about its specific reasons for request of withdrawal to the Court *in camera*. Procopio has provided Pounce Mexico ample notice of its need to obtain new counsel for all further matters on its behalf. As shown below, California's Rules of Professional Conduct and the rule of this Court permit withdrawal of counsel in circumstances such as these.

## II. ARGUMENT

### A.    Legal Standard

In the Ninth Circuit, the California Rules of Professional Conduct govern motions to withdraw as counsel. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Procopio can demonstrate good cause for withdrawal pursuant to California Rule 3-700, and its withdrawal will not prejudice the parties or harm the administration of justice. In addition, Procopio has provided Pounce Mexico ample notice of its need to obtain new counsel for all further matters and legal actions on its behalf.

### B.    Good Cause Exists for Procopio's Withdrawal Based on Ethical and Professional Considerations.

The California Rules of Professional Conduct set forth both mandatory and permissive bases for withdrawal by an attorney. In evaluating similar motions to withdraw as counsel, courts

have recognized that "[u]nder the State Bar of California Rules of Professional Conduct, attorneys are bound to preserve client confidences when seeking withdrawal, if disclosing them would prejudice the client or violate the counsel's duty of confidentiality.  In light of these limitations, counsel often is not able to discuss in detail the reasons for withdrawal." *Pacific Rollforming, LLC v. Trakloc Intern.*, 2008 WL 4682239, *1 n.1 (S.D. Cal. Oct. 21, 2008) (citing Cal. R. Prof. Conduct 3-700(A)(2)).  In this case, ethical and professional considerations require Procopio's withdrawal of representation, as there has been an irreconcilable breakdown in the attorney-client relationship.  If the Court so requires, Procopio is willing to provide additional information about its specific reasons for request of withdrawal to the Court *in camera*.  *See Carrillo v. Target Corp.*, C 17-05693 WHA, 2018 WL 1696876, at *2 (N.D. Cal. Apr. 6, 2018) (granting motion to withdraw after *in camera* conference); *see also* Cal. State Bar Form. Opn. 2015-192.

## C.   Procopio Has Complied with the Northern District's Written Notice Requirements.

In addition, counsel has complied with Northern District of California Local Rule 11-5(a), which requires that "written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."  On both June 4 and June 6, 2018, Procopio provided written notice to Pounce Mexico of the need to withdraw as counsel.  Declaration of Frederick Taylor ("Taylor Decl."), ¶ 7.  Subsequently, on June 12, 2018, Procopio provided final written notice to Pounce Mexico that it intended to move to withdraw.  Taylor Decl., ¶ 8.  The next day, Procopio sent a written email notification to counsel for Plaintiff Cadence Design Systems, Inc. and Defendant Pounce Consulting, Inc. that it would be moving to withdraw as counsel.  Taylor Decl., ¶ 9.  Accordingly, Procopio has complied with Local Rules 11-5(a)'s written notice requirements.

## D.   Procopio Has Taken Steps to Avoid Prejudice to the Administration of Justice, and the Other Litigants Are Also Unlikely to Suffer Any Prejudice.

Through multiple communications, Procopio informed Pounce Mexico of its intent to withdraw as counsel.  Taylor Declaration, ¶¶ 7-8.  Procopio ultimately sent a terminating letter on June 12, 2018, which strongly recommended that Pounce Mexico seek other counsel to avoid any

loss of potential rights.  Taylor Declaration, ¶ 8.  These steps taken by Procopio have provided Pounce Mexico with ample time to obtain new counsel.  Therefore, Procopio has taken reasonable steps to avoid any reasonably foreseeable prejudice to rights of Pounce Mexico pursuant to California Rule of Professional Conduct 3-700(A)(2).

Further, Procopio is seeking to withdraw prior to the due date for Pounce Mexico's Answer and after it successfully moved the Court to set aside an existing default, which also rendered moot a motion for entry of default judgment.  Taylor Declaration, ¶ 11. While discovery had already closed before the default was set aside, there may be an opportunity for discovery to be reopened. Taylor Declaration, ¶ 12.  Thus, the litigation is still in its nascent stages with respect to Pounce Mexico, and any potential delay caused by Procopio's withdrawal is unlikely to prejudice the other litigants with respect to Pounce Mexico's role in the case.

**III. CONCLUSION**

For all of the foregoing reasons, Procopio respectfully requests that this Court enter an order granting the withdrawal of Procopio as attorneys of record for Pounce Mexico in this matter.

DATED: June 13, 2018                    PROCOPIO, CORY, HARGREAVES
                                                          & SAVITCH LLP


                                        By:   /s/ Frederick K. Taylor
                                                 Frederick K. Taylor
                                                 Adrian Martinez
                                                 Attorneys for Defendant Pounce Consulting,
                                                 S.A. de C.V., a Mexican Sociedad Anónima
                                                 de Capital Variable

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on June 13, 2018 to all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system.


/s/ Frederick K. Taylor
Frederick K. Taylor