1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

CADENCE DESIGN SYSTEMS, INC.,

8

Plaintiff,

Case No. 17-cv-04732-PJH

9

v.

10

POUNCE CONSULTING, INC., et al.,

11

Defendants.

**ORDER OVERRULING OBJECTION TO DISCOVERY ORDER**

Re: Dkt. No. 172, 173

12

13        The court is in receipt of plaintiff's objection to part of Magistrate Judge Laporte's

14   August 14, 2018 discovery order.  In that order, inter alia, Judge Laporte "denie[d]

15   Plaintiff's request to compel Pounce USA to provide emails sent by [Roger] Viera that

16   Pounce USA does not have **in its** possession, custody, or control."  Dkt. 167 at 2

17   (emphasis in original).  Plaintiff objects to that part of the order because "as an officer and

18   majority owner of Pounce USA, Viera's documents are necessarily within Pounce USA's

19   possession, custody or control."  That is true, according to plaintiff, regardless of whether

20   Viera's emails are stored within Pounce USA's email account or Pounce Mexico's email

21   account.  Dkt. 173-1 at 1.  Without ruling on the merits of that argument, the court

22   overrules plaintiff's objection for the following reasons.

23        Magistrate judges' rulings on nondispositive motions may be set aside or modified

24   by the district court only if found to be "clearly erroneous" or "contrary to law."  FRCP

25   72(a).  The "clearly erroneous" standard applies only to the magistrate judge's findings of

26   fact.  A finding of fact is clearly erroneous if the court has a definite and firm conviction

27   that a mistake has been committed.  Burdick v. Commissioner, 979 F.2d 1369, 1370 (9th

28   Cir.1992).  The magistrate judge's legal conclusions are freely reviewable de novo to

1  determine whether they are contrary to law.  See United States v. McConney, 728 F.2d

2  1195, 1200-01 (9th Cir.1984).

3       Plaintiff has not shown that Judge Laporte's order was clearly erroneous or

4  contrary to law.  Indeed, it is unclear exactly what part of Judge Laporte's order plaintiff

5  contends would meet that standard.  Judge Laporte merely "denie[d] Plaintiff's request to

6  compel Pounce USA to provide emails sent by Viera that Pounce USA does not have **in**

7  **its** possession, custody, or control."  Dkt. 167 at 2 (emphasis in original).  In other words,

8  Judge Laporte's order confirmed the unremarkable proposition that Pounce USA is only

9  obligated to produce documents within its custody, possession, or control.  Plaintiff's

10  objection to that order is really a request for this court to define in the first instance

11  whether "custody, possession, or control" in Judge Laporte's order required Pounce USA

12  to produce responsive Viera documents.  While this court finds it unlikely that a

13  corporation can refuse to produce an officer's responsive documents simply because

14  those documents are technically on another company's email account, Judge Laporte

15  has not had the opportunity to definitively resolve that issue.  Tellingly, plaintiff's joint

16  letter brief that precipitated Judge Laporte's order did not raise the present argument or

17  cite any of the same cases cited in plaintiff's present objection.

18       In short, Judge Laporte's order requiring Pounce USA to produce documents

19  within its custody, possession or control, is not clearly erroneous or contrary to law and

20  the court declines plaintiff's invitation to define the scope of that order in the first instance.

21  The request is better raised with Judge Laporte as a motion for clarification.  Accordingly,

22  plaintiff's objection to Judge Laporte's order is OVERRULED.  Good cause appearing,

23  plaintiff's motion to seal is GRANTED.

24

25       **IT IS SO ORDERED.**

Dated: September 6, 2018
26

27                                        _____
                                         PHYLLIS J. HAMILTON
28                                         United States District Judge

United States District Court
Northern District of California