UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., Plaintiff, v. POUNCE CONSULTING, INC., et al., Defendants. | Case No. 17-cv-04732-PJH **ORDER GRANTING MOTION FOR ATTORNEYS' FEES** Re: Dkt. No. 224 |

Plaintiff Cadence Design Systems, Inc.'s ("Cadence") motion for attorneys' fees came on for hearing before this court on June 19, 2019. Plaintiff appeared through its counsel, Guy Ruttenberg and Michael Eshaghian. Defendants Pounce Consulting, Inc. ("Pounce USA") and Pounce Consulting, S.A. de C.V. ("Pounce Mexico," together with Pounce USA, the "Pounce defendants"), both of which are in default, did not appear. Having read the papers filed by plaintiff and carefully considered the arguments therein and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion, for the following reasons.

**A.  Background**

The court declines to recite this action's tortured procedural history. The court finds it enough to note that throughout this action's nearly two-year history, the Pounce defendants' on-and-off again participation has delayed resolution of this action and hindered plaintiff's ability to obtain necessary discovery. Eventually, after both defendants failed to retain substitute counsel, the court entered default against the Pounce defendants. On April 22, 2019, the court granted plaintiff's motions for default judgment against the both defendants and entered final judgment three days later on

April 25, 2019.

As relevant here, that judgment awarded plaintiff $6,983,178.29 against the Pounce defendants for breach of contract, copyright infringement, and circumvention of copyright protections. Dkt. 221 at 2-3. In addition, the judgment awarded plaintiff "attorneys' fees and costs . . . based on section 28 of the Software License Agreement[,]" which was the contract that defendants had breached. Id. at 3. The judgment directed plaintiff to file a motion for attorneys' fees within 14 days. That motion is presently before the court.

**B.  Analysis**

In California, "the prevailing party in an action is entitled to recover its costs," including "[a]ttorney fees, when authorized by" (1) "[c]ontract," (2) "[s]tatute," or (3) "[l]aw." Royster Constr. Co. v. Urban W. Cmtys., 40 Cal. App. 4th 1158, 1169 (1995). Here, the Software Licensing Agreement expressly authorizes the award of attorneys' fees and costs. Thus, because the basis for the attorneys' fee award is a state law breach of contract claim, "this court must apply California law on attorneys' fees." Suretec Ins. Co. v. BRC Constr., Inc., 2013 WL 6199021, at *2 (E.D. Cal. Nov. 27, 2013) (citing Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002)).

California Civil Code § 1717 "governs the issue of attorneys' fees under a contract," Makreas v. First Nat'l Bank of N. California, 2014 WL 2582027, at *5 (N.D. Cal. June 9, 2014), and provides for the provision of "reasonable attorney[s'] fees" when due under a contract, Cal. Civ. Code § 1717(a). That "fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." PLCM Grp. V. Drexler, 22 Cal. 4th 1084, 1095 (2000).

Here, as of May 9, 2019, plaintiff's counsel's total lodestar equaled $748,334.50. Having reviewed plaintiff's counsel's billing records and billing rates, the court finds that both the total number of hours plaintiff's counsel expended on this litigation and plaintiff's counsel's hourly rates are reasonable. In addition, the court finds that because plaintiff's

2

contract claim and other claims are "inextricably intertwined," apportioning plaintiff's counsel's time between the claims is "impracticable, if not impossible" and therefore unnecessary. Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1111 (1996) ("[A]ttorney[s'] fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed.").

"After determining the lodestar, the trial court may adjust the lodestar figure based on factors including, but not limited to[:] (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) success or failure, (4) the extent to which the nature of the litigation precluded other employment by the attorneys, (5) the contingent nature of the fee award . . . ." Glaviano v. Sacramento City Unified Sch. Dist., 22 Cal. App. 5th 744, 751 (Ct. App. 2018).

Here, the court finds that a significant upward multiplier is warranted based on the above factors as well as case-specific factors. "The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court [must] determine[ ], retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill[.]" Nishiki v. Danko Meredith, APC, 25 Cal. App. 5th 883, 897 (Ct. App. 2018). "Of these factors, one of the most common fee enhancers is for contingency risk." Id. The court finds that factor particularly relevant here.

First, plaintiff's counsel has litigated this action on a contingency basis. "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of those functions." Id. at 898. As relevant here, the plaintiff and its counsel's representation agreement provided that plaintiff's counsel would be awarded 30% of plaintiff's recovery plus $2,500. Dkt. 224-2 ¶¶ 15, 17. Under that fee arrangement, plaintiff would be entitled to an award of $2,097,453.49. Id. That figure shows that plaintiff's lodestar significantly undercompensates plaintiff's counsel for the risk it took on by representing plaintiff on a contingency basis. See Glendora Cmty. Redevelopment Agency v. Demeter, 155 Cal.

3

App. 3d 465, 480 (Ct. App. 1984) (affirming fee award that matched contingency fee amount after trial court determined it was reasonable after weighing reasonableness factors).

Second, and relatedly, plaintiff's counsel faces a significant continued risk that it will not recover any fees.  The Pounce defendants have abandoned this litigation and have apparently refused to voluntarily pay any amount due pursuant to the judgment against them.  Such conduct has resulted in plaintiff's counsel expending a significant number of hours in post-judgment litigation.  <u>See, e.g.</u>, Dkt. 229 (motion to amend judgment); Dkt. 238 (motion to for assignment order and for order restraining judgment debtor).  In all respects, it appears that plaintiff and its counsel have a long road ahead to recover any money due under the judgment.  Thus, plaintiff's counsel faces the continued risk of never collecting any fees despite successfully litigating this action.

Taking into account those risks and the difference between the contractual contingency fee amount and the lodestar amount, and taking into account all the other attorneys' fees factors, the court finds that an award of $2,097,453.49 is reasonable.  Because that amount matches the amount plaintiff's counsel could have received under its agreement with plaintiff, any additional attorneys' fees—e.g., for post-judgment litigation—would give plaintiff's counsel a windfall.  For that reason, this court will not entertain any additional motions for attorneys' fees.

Lastly, the court awards plaintiff's counsel $62,656.44 in non-taxable costs.  That amount is supported by plaintiff's counsel's declaration and the attached billing invoices.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorneys' fees and costs is GRANTED.

**IT IS SO ORDERED.**

Dated: June 26, 2019

PHYLLIS J. HAMILTON
United States District Judge

4