UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br> Plaintiff, <br> v. <br> POUNCE CONSULTING, INC., et al., <br> Defendants. | Case No. 17-cv-04732-PJH <br><br> **ORDER** <br> Re: Dkt. No. 238 |

Before the court is plaintiff Cadence Design Systems, Inc.'s ("Cadence") motion for an assignment order and for an order restraining the judgment debtors, Pounce Consulting, Inc. ("Pounce USA") and Pounce Consulting, S.A. de C.V. (collectively, "Pounce"). No opposition or reply has been filed, and the parties' respective deadlines have now passed. Having read plaintiff's motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS IN PART and DENIES IN PART plaintiff's motion.

**BACKGROUND**

The court has recounted this action's "tortured procedural history" in past orders, Dkt. 242, at 1, and declines to do so again. As relevant here, after their on-and-off again participation in this action, the court entered default against both defendants. The court subsequently granted plaintiff's motions for default judgment, which, inter alia, awarded plaintiff about $9 million, including attorneys' fees. Dkt. 221 at 2-3; Dkt. 242. The court also found that Pounce USA was the alter ego of Pounce Mexico. Dkts. 205, 218, 219.

Defendants have refused to voluntarily pay the judgment against them. For that reason, plaintiff now moves for an order assigning defendants' rights to payment from a

third-party accounts receivable vendor, United Capital Funding Group, LLC ("UCF"), and five of Pounce's purported customers, DealerSocket, Inc. ("DealerSocket"), Epic Sciences, Inc. ("Epic"), Limelight Health, Inc. ("Limelight"), Fox Entertainment Group, LLC ("Fox") and Neogenomics Laboratories, Inc. ("Neogenomics," collectively the "third parties"). Plaintiff also moves for an order restraining Pounce from assigning or otherwise disposing of its rights to payment from the same third-party entities.

**DISCUSSION**

**A.    Motion for Assignment Order**

    **1.    Legal Standard**

Whether plaintiff is entitled to an assignment order is governed by Federal Rule of Civil Procedure 69(a)(1), which in turn makes California law applicable. See Fed. R. Civ. P. 69(a)(1); Hilao v. Estate of Marcos, 95 F.3d 848, 851 (9th Cir. 1996). Under California Code of Civil Procedure § 708.510(a), a judgment creditor can move the court to order the judgment debtor to assign to the judgment creditor "all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments[.]" Subsection b of the same section requires plaintiff to serve the motion on the judgment debtor personally or by mail. Cal. Civ. Proc. § 708.510(b).

The court has "broad discretion in determining whether to order an assignment, and in fixing the amount to be assigned[.]" Rutter Group Cal. Prac. Guid. Enf. J. & Debt Ch. 6G-5, ¶ 6:1440 (2019). The court may only order the assignment of property to the extent necessary to satisfy the money judgment. Cal. Civ. Proc. § 708.510(d). In making that determination, the court should consider all relevant factors, including: (1) The reasonable requirements of a judgment debtor who is a natural person and any person he or she supports, (2) payments the judgment debtor is required to make, (3) the amount remaining on the judgment, and (4) the amount being or to be received in satisfaction of the right to payment that may be assigned. Cal. Civ. Proc. § 708.510(c).

While "detailed evidentiary support is not required under § 708.510[,]" "some evidentiary support is still needed." Legal Additions LLC v. Kowalksi, No. 08-cv-02754-

1  EMC, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011) (emphasis in original).  Section

2  "708.510(a) refers to a 'payment due or to become due,' which suggests some degree of

3  concreteness to the expected payment is required."  Id.

4  Plaintiff's motion makes two assignment-related requests.  First, plaintiff requests

5  that the court assign Pounce's interest in any presently due or future payments from the

6  third parties to Cadence.  Dkt. 238-24 ¶ 1 (Plaintiff's proposed order).  Second, plaintiff

7  requests the court order the third parties to pay plaintiff, rather than defendants, any and

8  all monetary payments due or to become due to defendants.  Id. ¶ 2.

### 2. Plaintiff's Request to Assign Defendants' Interest in Payments to Plaintiff

11  The court DENIES plaintiff's first request with respect to Fox, Neogenomics, Epic,

12  Limelight, and DealerSocket, and GRANTS the request with respect to UCF.  As noted

13  above, a party seeking an assignment order must identify the intended sources that are

14  obligated to make payments to the judgment debtor with some degree of concreteness.

15  That requires more than speculation with respect to whether the identified third parties

16  currently owe, or in the future will owe, the judgment debtor assignable property.  See

17  Legal Additions, 2011 WL 3156724, at *2.

18  Here, with respect to Fox, Neogenomics, Epic, and Limelight, the most recent

19  evidence only indicates that the four entities were Pounce customers as of April 2018.

20  See Dkt. 237-6, Ex. I at 128:20-129:5 (April 2018 testimony from then-CEO about

21  Pounce USA's current customers); see also Dkt. 237-8, Ex. P at 1 (referencing

22  Neogenomics as "Client" for work done in April 2018); Dkt. 237-7, Ex. N at ECF 16, 19-20

23  (listing invoices for Fox, Epic, and Neogenomics' predecessor for 2016 and 2017).  That,

24  however, "does not mean that [Pounce] currently has any business with th[o]se

25  [companies] . . . or that the . . . entities will necessarily work with [Pounce] in the future."

26  Legal Additions, 2011 WL 3156724, at *2 (list of former clients provided by defendant in

27  deposition a year and a half earlier not sufficient to prove that they are current or future

28  clients); SAS Inst. Inc. v. World Programming Ltd., No. 18-cv-00603-VAP (PJWx), 2018

3

WL 6843724, at *4 (C.D. Cal. Mar. 23, 2018) (Plaintiff "ha[d] not offered vital evidence: that [debtor] is likely receiving, or [is] due to receive payments from the companies identified." (internal quotation marks omitted)). Plaintiff's evidentiary showing with respect to DealerSocket is similarly lacking because it relies on a single LinkedIn page of a Pounce employee that purportedly works for DealerSocket. Dkt. 238-7, Ex. E; see SAS Inst., 2018 WL 6843724, at *4 (characterizing LinkedIn profile as a "questionable source").

On the other hand, plaintiff has shown that UCF likely owes or will owe defendants money. Pounce USA uses UCF as an accounts receivable vendor and, accordingly, directs its customers to pay UCF. Dkt. 237-9, Ex. T (Pounce invoice directing payment to UCF); Dkt. 255-2, Llera Decl. ¶ 46 (former Pounce USA CEO discussing how Pounce USA instructed customers to pay UCF). "UCF was still collecting receivables on behalf of USA" in late 2018. Dkt. 255-2, Llera Decl. ¶ 47. In fact, in March and April 2019, UCF transferred a total of about $450,000 to a Pounce bank account. Dkt. 238-4, Ex. B at 2; Dkt. 238-23, Ex. U at 2.

In addition, with the exception of the first factor, which is not applicable to the present situation, the § 708.510 factors also support the conclusion that Pounce's interest in payments from UCF should be assigned to plaintiff. And plaintiff has shown that it complied with California Civil Procedure § 708.510(b) by serving the judgment debtors by mail. Dkt. 237-10.

Accordingly, the court GRANTS plaintiff's request for an assignment order with respect to Pounce's interest in monetary payments due or to become due from UCF, but DENIES plaintiff's assignment request with respect to the other third parties.

### 3. **Plaintiff's Request to Order The Third Parties to Pay Plaintiff Any Monies Owed to Defendants**

Next, the court turns to plaintiff's request that this court order the third parties to pay plaintiff, rather than defendants, any money the third parties owe to defendants. That request raises serious jurisdictional concerns that plaintiff ignores. On its face, asking a

4

federal court to order third parties to do anything raises questions about personal jurisdiction. Indeed, in this exact situation, commentators and courts agree that third parties "may be ordered to deliver or pay over [ ] property directly to the judgment creditor . . . or to assign rights to payment to the judgment creditor . . . <u>only if</u> [the nonresident third parties] . . . [are] subject to the California court's personal jurisdiction." Rutter Group Cal. Prac. Guid. Enf. J. & Debt Ch. 6G-5, ¶ 6:1435 (2019) (emphasis added); <u>Revenue Enhancement Consultants, Inc. v. Mantra Films, Inc.</u>, No. 10-cv-02726 ABC, 2010 WL 11463906, at *1 (C.D. Cal. July 21, 2010) ("The Court may only compel acts by third parties over whom it has personal jurisdiction.").[1]

Plaintiff has not addressed that personal jurisdiction issue, and the court finds that, based on the evidence provided, it lacks personal jurisdiction over UCF—the only third-party that plaintiff has shown may owe money to the defendants. "The exercise of personal jurisdiction over a nonresident [ ] requires two findings: 1) the forum state's laws provide a basis for exercising personal jurisdiction, and 2) the assertion of personal jurisdiction comports with due process." <u>Hendricks v. New Video Channel Am., LLC</u>, No. 14-cv-02989-RSWL-S, 2015 WL 3616983, at *2 (C.D. Cal. June 8, 2015). Here, it makes little sense for specific jurisdiction to apply to UCF, so the court considers only general jurisdiction. The standard for establishing general jurisdiction requires that the defendant's contacts be "so substantial and of such a nature as to justify suit against [the party] on causes of action arising from dealings entirely distinct from those activities." <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." <u>Id.</u> at 137 (internal quotation marks omitted; alterations in original). Here, plaintiff has not shown that the court may exercise general jurisdiction over UCF. First, plaintiff has provided no information about UCF's

---

[1] The case that plaintiff relies on for a contrary position, <u>Webb v. Changzhou Nanxiashu Tool Co.</u>, No. LA 17-cv-07590-VAP, 2018 WL 6174702 (C.D. Cal. Apr. 18, 2018), is not persuasive because it did not consider the jurisdictional question.

state of incorporation.  Second, plaintiff asserts that UCF is "based in Tampa Bay, Florida," not California.  Dkt. 237-4 at 4.  Third, plaintiff's lone citation to UCF's website, advertising that UCF's services are "available nationwide," does not come close to showing that this court has general jurisdiction over UCF.

Accordingly, the court DENIES plaintiff's request for an order requiring UCF (or any of the other third parties) to pay plaintiff money they owe or will owe to defendants. Without a showing of personal jurisdiction, "[t]he [c]ourt can only order [the defendant] to assign his rights in and to the property or payments.  If the third parties do not make payment to [the plaintiff], [p]laintiff will have to bring an action against them in a court that has personal jurisdiction over [the third parties]." Glob. Money Mgmt. v. McDonnold, No. 06-cv-00034-BTM (WMC), 2009 WL 3352574, at *4 (S.D. Cal. Oct. 15, 2009).

**B.  Motion For Order Restraining Judgment Debtor**

Lastly, the court turns to plaintiff's motion for an order enjoining defendants and their agents from assigning or otherwise disposing of their rights to any payment from the third parties.  A court may issue that type of restraining order merely "upon a showing of need for the order."  Cal. Civ. Proc. § 708.520(b).  The threshold of need for a restraining order is "relatively low."  Telecom Asset Mgmt., LLC v. FiberLight, LLC, No. 14-cv-00728-SI, 2016 WL 7188008, at *5 (N.D. Cal. Dec. 12, 2016); Legal Additions, 2011 WL 3156724, at *3.  The judgment debtors have refused to voluntarily satisfy the judgment against them and have avoided making any payment to plaintiff ever since entry of the judgment.  That, in conjunction with the court's conclusion that an assignment order should issue with respect to UCF, supports the court's conclusion that a restraining order should issue.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion is GRANTED IN PART and DENIED IN PART.[2]  The court hereby ORDERS as follows:

---

[2] Plaintiff's motion to seal is DENIED because no declaration was filed showing that the documents sought to be sealed met the relevant standard.  See Ctr. for Auto Safety v.

1. Defendants Pounce Consulting, Inc. and Pounce Consulting, S.A. de C.V.'s interest in all monetary payments due or to become due from United Capital Funding Group, LLC, or any of its parents or subsidiaries are hereby assigned to Cadence Design Systems, Inc. to the extent necessary to pay in full the outstanding balance of the judgment entered against defendants and in favor of plaintiff by the court in the above-captioned matter.

2. Defendants Pounce Consulting, Inc. and Pounce Consulting, S.A. de C.V., including their agents and successors are hereby enjoined from assigning, selling, transferring, encumbering, devaluing, or compromising their right to any payment from United Capital Funding Group, LLC or any of its parents or subsidiaries that would otherwise interfere with, or be inconsistent with, this order, so that the rights to payment may be available for satisfaction of the judgment entered in this action.

**IT IS SO ORDERED.**

Dated: July 29, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge

---

Chrysler Grp., LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016) (setting forth sealing standard).